DaNxex, Judge.
 

 After stating the case as above, proceeded:
 

 By the act of 1T89,
 
 Rev.c.
 
 314, aplaintiffmaybringhis action, either jointly or severally, on the assumptions of partners and others. It is not pretended, that the individual note of
 
 Thompson
 
 was agreed to be taken by the plaintiffs in discharge of the partnership debt; and a note given even by all the partners would not extinguish the original undertaking to pay for the goods delivered, like a bond or judgment taken for the same. The plaintiffs still might maintain their action for goods sold and delivered, provided they produced and delivered up the note on the trial, or proved it was destroyed. (Farr v.
 
 Price,
 
 3
 
 East. 55, Dangerfield
 
 v.
 
 Willy,
 
 4
 
 Esp. R.
 
 159.) If the defendant had been bound on the note given by
 
 Thompson,
 
 then the plaintiffs account would have been liquidated, and the sum being under one hundred dollars, it would have been within the jurisdiction of a justice of the peace. But the individual note of
 
 Thompson
 
 did not liquidate the plaintiffs account
 
 qnoad
 
 the defendant: it was still, as to him, an open account; and the letter which he wrote to his partner, did not have the effect of giving the note a more extended operation than it had before
 
 ;
 
 nor did it liquidate the plaintiff’s claim, even as it related to himself, so as to bring' it within the meaning and operation of the act of assembly, for the plaintiff must still prove on the trial, the delivery of the articles. Although
 
 Thompson’s
 
 note was given and the defendant’s letter was written before the act of 1828 was
 
 *92
 
 passed, bringing liquidated claims under one hundred dollars in amount, within the jurisdiction of a justice of the peace, still a subsequent act was passed in the year 1829, declaring that the meaning of the words “ liquidated accounts,” mentioned in the first act, was to bo confined to signed accounts. The defendant never signed the account, and
 
 Thompson’s
 
 note still leaves the account open and unliquidated as to the defendant. The action should not have been dismissed.
 

 Per Curiam — Judgment keverse"í>»