Daniel, Judge.
 

 This was assumpsit for goods sold and .¡delivered.
 
 Plea
 
 — non
 
 assumpsit.
 
 The plaintiffs, on the first of April, 1836, sold goods to the firm of Joseph and John Atkinson, of Pitt county, who were the defendants in this action. The firm of the Atkinsons was dissolved in September, 1836. On the 15th of April, 1837, the two Atkinsons gave to the plaintiffs their promissory note for the price of the goods. Some payments were made on the note, which reduced it
 
 to
 
 the sum of $500. And on the 18th of June, 1837, John Atkinson, in his own name, drew a bill of exchange in favor of the plaintiffs on Mitchell and Company
 
 *263
 
 of New York, for #500 at 60 days, and took up the promissory note. When the bill fell due, it was duly presented for payment, but payment was refused for want of funds of the drawer. No notice was given to the drawer of the dishonor of the bill. There was no proof that the bill had been returned to the drawer, or that the plaintiffs offered to surrender it at the trial.
 

 Notice of ó^ofa^ni required to enable tbe drawer °o with-1-86* the drawee.
 

 Taking, a promissorynnfa ofexchange for an antecedent debt does not merge that debt, but on failure of the note or bill, the original debt may be recovered.
 

 The plaintiffs were nonsuited and appealed.
 

 Notice need not be given to the drawer of a bill of exchange,-when he has no effects in the hands of the drawee, unless he had reasonable grounds to believe the bill would be honored. Notice is required to enable the drawer and endorsers immediately to withdraw their effects from the drawee. - But if the drawer had no effects in the hands of drawee- from the time the bill was drawn until it became payable, he could not be prejudiced, for the want of notice; and consequently, under such circumstances, he is not entitled to any.
 
 Bickerdike
 
 vs. Bollman, 1 T. R.
 
 405
 
 — Legge vs. Thorpe, 12 East 171. Chiity on Bills' 467.:. Leigh’s Nisi Prius 452, note 1, where are to be found the names of all the American cases on this subject.
 

 Secondly, there is no-evidence in the case that the plaintiffs agreed to take the bill in discharge of the antecedent debt due them from the two Atkinsons.
 

 If the plaintiffs, therefore, had surrendered the bill, even on the trial, they might have recovered upon the original consideration. For the taking of the note first and then the . . bill, did not merge the original consideration, as a bond would have done. But as this negotiable bill is still outstanding, and may be' in the hands of an innocent endorsee or holder, we are of opinion, from the cases, that the plaintiffs cannot recover, and that the nonsuit must stand.
 
 Holmes
 
 vs.
 
 De Camp,
 
 1 Johns. Rep.
 
 34
 
 — Angel vs.
 
 Felton,
 
 8 Johns. Rep.
 
 149
 
 — Pintard vs.
 
 Tackington,
 
 10 Johns. Rep. 105—
 
 Burdick vs. Green,
 
 15 Johns. Rep.
 
 247
 
 — Hughs
 
 vs. Wheeler,
 
 8 Cowen’s Rep. 77. 3 Cowen’s Rep. 147. The judgment must be affirmed.
 

 Per Curiam. Judgment of nonsuit affirmed.