E. V. PERRY, ADMINISTRATOR, v. THE SECURITY LIFE AND
ANNUITY COMPANY.

(Filed 17 February, 1909.)

1. **Insurance—Policy—Conditional Delivery—Payment of Premiums.**
    A contract of life insurance delivered upon condition that. it
    would be effective only if the advance premium should have
    been paid in the lifetime and good health of the insured is not
    binding when these conditions have not been complied with by
    him.

2. **Same—Prima Facie Case—Rebuttal.**
    While the production of a policy of life insurance on the trial
    is *prima facie* evidence of its validity as a binding contract, the
    presumption may be rebutted by proof that it was delivered upon
    condition that the advance premium must be paid in the lifetime
    and good health of the insured, which was not done.

3. **Same.**
    When the insured has received possession of a life insurance
    policy under agreement that it was to be effective, at his option,
    only upon payment of the advance premium in his lifetime and
    good health, his administrator may not recover thereon when
    he did not notify the company of his election to take the policy
    and failed to perform the condition upon which the contract was
    to be binding.

ACTION heard by *Ward, J.,* and a jury, at Fall Term, 1908,
of PERQUIMANS.

Plaintiff appealed.

*Charles Whedbee* and *P. W. McMullan* for plaintiff.
*Aydlett & Ehringhaus* and *W. M. Bond* for defendant.

WALKER, J.  This action was brought to recover the amount
($1,000) of a policy of insurance alleged to have been issued by
the defendant to the intestate of the plaintiff on 12 November,
1906.  The defendant denied that the policy was ever delivered
to the intestate, except upon a condition, the payment of the
premium, which he failed to perform.  It also contended that
the intestate refused to accept the policy until he could ascertain
whether he would be able to pay the first premium.  He was
unable to pay the premium himself, and requested his daughters

to pay it. They asked J. L. Billups to pay the premium, and he promised to do so, but he did not notify the company of the fact, nor did he tender the premium until H. T. Billups, the intestate, had become quite ill and three days before his death. He then offered to pay the premium to the defendant's district agent, and not to the agent who had delivered the policy and had sole charge of the matter. The application for the insurance, which was signed by the intestate and made a part of the contract, contains the following clause: "The company shall incur no liability under this application until it has been received, approved and the policy issued thereon by the company at the home office and the premium has actually been paid to and accepted by the company, or its duly authorized agent, during my lifetime and good health." The policy provides as follows: "The insurance hereunder is granted in consideration of the application for this policy, which is a part of this contract, and of the premium of $72.68, to be paid on delivery hereof."

The court, at the close of the evidence, intimated that the jury would be instructed to return a verdict for the defendant if they found the facts to be as stated by the witnesses. The plaintiff thereupon submitted to a nonsuit and appealed. The parties to a proposed contract of insurance may make such agreement as to the payment of the first premium as they may desire, and such agreement, whether express or implied, must be performed or waived. In the absence of any agreement, it is generally understood that prepayment of the first premium is not necessary to the validity of an oral preliminary contract, but that payment must be made upon delivery of the policy. When, however, it is expressly agreed that the contract shall not become binding until the first premium has been paid, no contract, oral or otherwise, can be considered as complete unless such prepayment has been made or waived. Vance on Insurance, p. 175, sec. 67; 2 Bacon Ben. Soc. and Life Ins. (3d Ed.), sec. 353. Such a stipulation is not against public policy, nor does the law for any other reason prohibit it. The difficulty is found, not so much in the statement of the legal principle which governs in such cases as in the application of it to the facts of each particular case. If there has been an actual deliv-

ery of the policy, nothing else appearing, the production of it at the trial presents a *prima facie* case for the plaintiff. *Kendrick v. Insurance Co.,* 124 N. C., 315; *Grier v. Insurance Co.,* 132 N. C., 542; *Rayburn v. Casualty Co.,* 138 N. C., 379; *Waters v. Annuity Co.,* 144 N. C., 663. This is so, for the reason that a presumption arises that the policy was delivered unconditionally and with the intent that it should take effect as a completed contract of insurance between the parties, there being nothing to overcome this natural presumption. It is competent, though, for the parties to agree upon a conditional delivery, and when such a delivery is shown, and the condition has not been performed, there is, of course, no contract. The testimony in this case, if viewed in the most favorable light for the plaintiff, clearly shows that the policy was actually delivered with the understanding and agreement that it should not take effect until the advance premium had been paid during the lifetime and good health of the intestate. Indeed, it was not accepted by him for the purpose of taking effect, and he was not bound to pay the premium. If he concluded afterwards to accept it the company should have been notified that he had elected to do so, and this should have been done and the premium paid or tendered while he was in good health, for such was the agreement of the parties. The case is not like *Rayburn v. Casualty Co.* and *Waters v. Annuity Co.,* except in the particulars already stated. In each of those cases the delivery was unconditional. It would not be just or right, and certainly it would not be sanctioned by the law, if we should hold the defendant to be liable upon this policy. It is not necessary that we should recite the evidence, as it all bears one way and conclusively establishes the contention of the defendant, that the delivery of the policy was upon a condition precedent, which was not performed. The judgment of the Superior Court was therefore correct.

No Error.