CAROLINA ALEXANDER v. METROPOLITAN LIFE
INSURANCE COMPANY.

(Filed 28 April, 1909.)

1. Life Insurance—Applications—Untrue Statements—False Representations.

Statements made in an application for life insurance, upon which the policy was issued, that the applicant had never had any disease of the kidney or been under the care of a physician within two years preceding the date of the application, are material as an inducement for the insurance company to issue the policy, and when untrue will invalidate it.

2. Same—Judgment Upon Verdict.

It was established by the verdict, in a suit upon a life-insurance policy, matured by the death of the insured, that certain material statements in the application upon which the policy was issued were untrue, though no false representations had been therein made by the applicant: *Held*, it appearing that the company had been imposed upon, from the very nature of the representations, it was immaterial whether the representations were fraudulent or not, and the defendant's motion for judgment upon the issues should have been granted.

APPEAL from justice of the peace, tried before *Justice, J.,* and a jury, at October Term, 1908, of CABARRUS.

This action was based on a life-insurance policy, issued by the defendant company on the life of Pearl Alexander in favor of Caroline Alexander, the appellee, as beneficiary. The defense to the action was based on certain provisions of the policy, declaring it void if the insured, before its date, had been attended by a physician for any serious disease or complaint or had any disease of the kidneys.

The following findings were made by the jury:

1. "Did Pearl Alexander, the insured, in her application for insurance, falsely represent that she had not been attended by a physician for any complaint within two years prior to making such application?" Answer: "No."

2. "Was Pearl Alexander attended by a physician for any serious disease or complaint within two years before the policy was issued for the plaintiff?" Answer: "Yes."·

3. "Did Pearl Alexander falsely represent that she had not had kidney disease?" Answer: "No."

4. "Had Pearl Alexander kidney trouble prior to making application for the policy sued on?" Answer: "Yes."

The defendant moved for judgment upon the issues, and assigns the refusal to grant same as error. The court denied the motion and gave judgment for plaintiff. Defendant excepted and appealed.

*W. G. Means* for plaintiff.
*Adams, Armfield, Jerome & Maness* for defendant.

BROWN, J. The insured, Pearl Alexander, was a child about fifteen years of age, whose life was insured on 18 March, 1907, by defendant, for the benefit of plaintiff, her mother by adoption and great-aunt by blood. Insured died in April, 1908, according to the evidence, of an abscess in the kidney.

There is a statement in the application, which is the basis of the policy, that insured had never had any disease of the kidneys. The evidence fully sustains the finding of the jury, that prior to the application for insurance the girl had kidney disease and was being treated for it by a physician.

The insurance contract contains the following clause:

"This policy is void if the insured, before its date (meaning date of policy), had been rejected for insurance by any other company or has been attended by a physician for any serious disease or complaint, or has had before said date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys," etc.

It must be conceded that the representation is a most material one, within the meaning and scope of the statute (Revisal, sec. 4808). *Bryant v. Insurance Co.,* 147 N. C., 181. Such a representation undoubtedly influenced the judgment of the company in accepting the risk, and it is therefore a material representation.

Under the facts of this case it matters not that the insured made no false representation. She made a most material representation, which was untrue, for she had kidney disease before the application for insurance, was being treated for it at the time, and died of the disease thirteen months thereafter.

The company was imposed upon (whether fraudulently or not is immaterial) by such representation and induced to enter into the contract. In such case it has been said by the highest Court that, "Assuming that both parties acted in good faith, justice would require that the contract be canceled and premiums returned." *Insurance Co. v. Fletcher,* 117 U. S., 519.

The case at bar is governed by the principles laid down in *Bryant v. Insurance Co., supra.*

It appears in the record that the premiums have been voluntarily paid into the Superior Court by the defendant. It is ordered that they be applied to the costs of this appeal, and that the remainder, if any, after paying costs below, be paid to plaintiff.

The motion for judgment for defendant is allowed. Let the costs be taxed against plaintiff.

Reversed.