SECURITY LIFE AND ANNUITY COMPANY v. JOSEPHUS FORREST ET AL.

(Filed 25 May, 1910.)

1. Insurance — Life Policy — False Representations — Material—Inducement—Intent.

    In an action by an insurance company to avoid its policy of life insurance for false statements made by the insured in his application, the statements being that he had no bowel trouble and had not consulted a physician in five years, two issues, among others, were submitted: 1. Did the assured, in his application, make material representations that were untrue? 2. Did the representations as made induce the policy? *Held*, no error (irrespective of any fraudulent purpose of assured, or lack of honest intent) for the trial court to charge the jury, the evidence being conflicting, that if they found from the evidence these representations were untrue, they should find the first issue "Yes"; and, if untrue, they were material, and they should answer the second issue "Yes."

2. Insurance—Life Policy—False Representations—Issues, Immaterial—Evidence—Harmless Error.

    When the pleadings in an action by an insurance company to avoid a life insurance policy raise issues only as to false material statements made by the assured in his application for the policy, and the plaintiff proceeds in the trial upon the theory that there was a scheme to get as much life insurance upon the life of the assured as he could, who was then in ill health, in order to defraud the life insurance companies, it was not reversible error, if error at all, to permit a witness to testify that a certain company had paid up its policy, the plaintiff having shown that several companies had not paid, and gone fully into the evidence that various companies had insured the life of the deceased.

3. Insurance—Evidence—Policy—Prima Facie Case.

    The insurance company in seeking to declare a policy of life insurance void, which had matured on the death of insured, alleged that it had issued and delivered the policy, received the first premiums, and declined to receive the second premiums; a *prima facie* case for defendant was made by the production of the policy declared on.

#### 4. Instructions, Requested—Substantially Given.

There is no error in the failure of the trial judge to give correct prayers for instruction requested, when he substantially does so in his charge.

APPEAL from *Councill, J.,* at December (Special) Term, 1909, of PAMLICO.

The action was begun in the Superior Court of Guilford County 27 July, 1908. The defendant moved to remove the action for trial to Craven County. Pending the motion, J. Barrom Forrest died, and his wife, having qualified as executrix, was made party defendant. The order of removal was made to Pamlico County.

The plaintiff alleged in its complaint that it had issued, on 23 August, 1907, two policies of $1,500 and $1,000 upon the life of J. Barrom Forrest, the beneficiary named in each being Josephus Forrest, his son; that the policies were issued upon written applications; that the representations made therein as to his condition of health were false; that he had chronic bowel trouble; that the statement that he had not consulted a physician in five years was also false; that these representations were material and were relied on, and that plaintiff had no information that the representations and statements were not true; that it had tendered, in June or July, 1908, the premiums paid, and demanded a return of the policies, which tender and demand had been refused; that defendants had tendered the second annual premiums, but plaintiff had declined to accept them. The plaintiff prayed judgment that the policies be surrendered for cancellation.

The defendant denied the allegations of the false representations and statements as to the health of J. Barrom Forrest, the assured. After the death of the assured, the beneficiary, Josephus Forrest, instituted action against the plaintiff in Craven County to recover upon the policies. The Annuity Company made a motion to remove to Pamlico County, which motion was allowed, and the two actions were, by consent, consolidated and tried as one action, the Security Life and Annuity Company being plaintiff and the Forrests being defendants. The issues submitted by the judge and the answers of the jury are as follows:

1. Did Barrom Forrest in his application make material representations and warranties that were untrue as alleged? Answer: No.

2. Did the representations as made induce the plaintiff to issue to Barrom Forrest the insurance policies referred to in the pleadings? Answer: No.

3. Has the defendant Josephus Forrest complied with the terms and conditions of the policy for $1,500, being No. 9338? Answer: Yes.

4. Has the defendant Josephus Forrest complied with the terms and conditions of the policy for $1,000, being No. 9339? Answer: Yes.

5. What amount, if any, is the defendant Josephus Forrest entitled to recover on the policy for $1,500, being No. 9338? Answer: $1,500, with interest from 19 September, 1908.

6. What amount, if any, is the defendant Josephus Forrest entitled to recover on the policy for $1,000, being No. 9339? Answer: $1,000, with interest from 19 September, 1908.

There was judgment upon the verdict for the defendant Josephus Forrest, and the plaintiff appealed.

*Simmons, Ward & Allen* and *A. L. Brooks* for plaintiff.
*D. L. Ward, Stedman & Cooke, C. L. Abernethy* and *H. L. Gibbs* for defendant.

MANNING, J. We have carefully examined the record and the brief and authorities cited therein by the learned counsel of the plaintiff, and we do not discover that his Honor committed, in the rulings excepted to, any error which entitles plaintiff to a new trial. As determined by the pleadings, the principal controverted fact was presented by the first issue—the truth of the representations and statements by the assured as to the condition of his health. His Honor instructed the jury that if they should find from the evidence that these representations and statements were untrue, then they would answer the first issue "Yes"; and if untrue, they were material, and they should answer the second issue "Yes."

Upon the condition of the health of the assured, there was much evidence offered by the plaintiff, tending to support its contentions, and by the defendants in contradiction and in support of the truth of the representations in the applications for the insurance. The assured was examined three times within thirty days by Dr. Diuguid, the local medical examiner of plaintiff, and certificate of the examinations for plaintiff made upon blanks furnished by it. This physician had known assured for two years, was his family physician and lived near him. He certified that he had made careful examination and, in his opinion, he was a first-class risk. This statement was confirmed by the physician as a witness at the trial.

The theory upon which the plaintiff developed its case at the trial was that the sons of the assured, appreciating his bad health and that his life would not be long prolonged, obtained

policies of insurance upon the life of their father for many thousand dollars, and this was done in carrying out a common plan and scheme to defraud the insurance companies, among them the plaintiff. The plaintiff, on cross-examination of a witness for defendant—one of his brothers—elicited testimony which supported this theory, by examining the witness specifically as to the several policies upon his father's life, the beneficiaries named, the companies issuing them, etc. Upon redirect examination, in rebuttal of plaintiff's theory of a common fraudulent scheme or plan to defraud the insurance companies, "by overloading" (to quote the language of plaintiff's counsel) "a decrepit father, sick with a fatal malady, with life insurance policies," the defendant was permitted to ask the witness if any of the insurance policies so issued under plaintiff's theory had been paid. The plaintiff objected to this testimony, and excepted to its admission.

While the theory upon which plaintiff was proceeding was of doubtful relevancy to the issue, the sole inquiry being as to the truth or falsity of the statements, and it being immaterial whether they were fraudulent or not, and while such evidence would be ordinarily incompetent as obnoxious to the maxim, "*res inter alios acta*," we are not convinced that its admission, under the circumstances of this case, was erroneous; at most, if error, it was harmless error, in view of the latitude allowed plaintiff in the development of its theory. In *Miller v. Miller*, 89 N. C., 209, this Court said: "Great latitude is sometimes allowed by the court in the trial of issues by the jury, and it must be largely left to it to see that the parties have equal latitude and advantage, as was the case here. Green. Ev., sec. 48; Steph. Dig. Law of Ev., 36 *et seq.*"

Under the theory advanced by plaintiff, each policy issued during the year 1907 upon the life of the assured was a link in a chain of a fraudulent scheme, entered into by the defendant Josephus Forrest and his brothers. We are not convinced that it was error of which plaintiff can justly be heard to complain, when his Honor permitted the defendant to controvert this theory of the plaintiff. The record shows that subsequently during the trial, the plaintiff examined other witnesses as to the several policies, and probed much into the details, showing other companies had and were contesting payment of their policies.

The plaintiff excepted to certain parts of his Honor's charge, and to his refusal to give certain special instructions. We have carefully examined the charge as given, and the refused instructions, and we do not think plaintiff's exceptions can be sustained. In the charge to the jury, his Honor followed the de-

cision of this Court in *Alexander v. Ins. Co.,* 150 N. C., 536, placing the right of the plaintiff to avoid the policies upon the ground of the falsity of the representations and statements in the applications for insurance, irrespective of any fraudulent purpose or lack of honest intent.

The other exceptions are covered in large measure by the decision of this Court in *Perry v. Ins. Co.,* 150 N. C., 143, where it is said: "If there has been an actual delivery of the policy, nothing else appearing, the production of it at the trial presents a *prima facie* case for the plaintiff. *Kendrick v. Ins. Co.,* 124 N. C., 315; *Grier v. Ins. Co.,* 132 N. C., 542; *Rayburn v. Casualty Co.,* 138 N. C., 379; *Waters v. Annuity Co.,* 144 N. C., 663." In the present case, the plaintiff alleged that it issued and delivered the policies and received the first annual premiums, and that it declined to receive the second annual premiums tendered by defendant. Some of the prayers requested by plaintiff, while not given in the very language requested, were substantially given, and when this is done, it is not error. The plaintiff, after full investigation before action begun, selected its own grounds upon which it sought to avoid the policies issued by it, and having so selected, without requesting an amendment of its pleadings either before or at the trial, it cannot be unjust to require it to adhere to them. In our opinion, no error was committed at the trial which entitles plaintiff to a new trial, and the judgment is affirmed.

No error.