SAVANNAH SEXTON, ADMINISTRATRIX, v. GREENSBORO LIFE INSURANCE COMPANY.

(Filed 4 December, 1912.)

1. Insurance, Life—Premium Notes—Maturity—Possession of Insurer—Nonpayment—Evidence.

In an action to recover upon a life insurance policy, the defendant produced, in its possession, and put in evidence a promissory note, past maturity, signed by the deceased insured, which expressed upon its face that if it was not paid at maturity the policy was void: *Held*, competent, as tending to corroborate the evidence of the defendant that the note had not left its possession, and tending to show that payment had not been made by the deceased, and that the defendant had not waived the payment.

2. Insurance, Life—Premium Notes—Renewals—Nonpayment—Evidence.

A premium note given for the policy sued on in this case, in the possession of the defendant after maturity, and containing the provision that the policy would be void in the event the note was not paid, is *Held* to be a renewal of a note of like character, formerly given, and not a payment thereof, and, without more, no evidence that the premium had been paid so as to keep the policy in force.

3. Same—Waiver—Nonsuit.

In an action to recover upon a policy of life insurance, the plaintiff put the policy and proof of death in evidence with a letter from the defendant that it had received the remittance in settlement of the policy, and stating, "Your official receipt has been attached to your note." The defendant put in evidence a letter it obtained from the plaintiff, upon due notice to produce, to the effect that the note had been returned unpaid from the bank, marked "No attention," and to keep the policy in force the plaintiff must send remittance by return mail with inclosed formal health certificate, etc.: *Held*, the evidence showed that the premium note had not been paid, and whatever may have been the effect, as a waiver, of presenting the note for payment, the failure of the plaintiff to pay negatived it after that date, and, viewing the evidence in the light most favorable to the plaintiff, a judgment of nonsuit was proper.

4. Insurance, Life—Policy—Loan Value—Extended Insurance.

Upon the maturity of a policy of insurance with provision as to a loan value and the extension of the insurance after several

yearly premiums have been paid, the administrator of the deceased may not claim the extension, when the loan value, which carries the insurance, has been made available by the deceased by borrowing the full amount.

APPEAL by plaintiff from *O. H. Allen, J.,* at April Term, 1912, of DAVIDSON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*E. E. Raper and McCrary & McCrary for plaintiff.*
*Walser & Walser, T. S. Beall, and King & Kimball for defendant.*

CLARK, C. J. This is an action upon a life insurance policy, and was before this Court, 157 N. C., 142. In that case, *Brown, J.,* says: "The controversy is over the payment of the premium due 1 August, 1909, of $34.57. If that was paid, the plaintiff is entitled to recover. If it was not paid, or payment waived, plaintiff is not entitled to recover."

On 13 September, 1909, the intestate paid cash $16.40 and gave a note due 1 November, for $18.17, which was never paid. After the death of plaintiff's intestate this note was in the possession of the defendant. It expressed on the face of it the agreement that if the note was not paid at maturity, the policy was void. At the former trial, upon notice, the defendant produced in court this note and the attached receipt for premium due 1 August, 1909, and they were put in evidence by the plaintiff. On appeal, the Court held that this was error. On this trial said note and the attached receipt were put in evidence by the defendant. The plaintiff contends that as it was held error on the former appeal for her to put the note and receipt in evidence, it must be error now for defendant to put them in evidence. This by no means follows. On the former trial they were put in evidence by the plaintiff as proof of payment of the premium. This Court said: "Had the receipt been in the plaintiff's possession, it would be very strong evidence of payment; but as it was in defendant's possession and had never been delivered, it was no evidence of payment, and the introduction of it as evidence by the plaintiff under the circumstances was inadmissi-

ble." On this trial the note and receipt were introduced by the defendant for the opposite purpose. On behalf of defendant they were competent as corroborative of the proof that they had never left the defendant's possession and tending to show that there had been neither payment nor waiver of the payment of the premium in question.

The only other assignment of error is to the nonsuit directed in this case. We have stated above the substance of the controversy as set out by *Brown, J.,* in the opinion in that case. Upon that opinion, it was clear that on the evidence then before the Court the plaintiff was not entitled to recover.

In the opinion in the former case it was said: "There is no evidence that the defendant accepted the note as a payment for the premium. It is merely an extension of the time of payment. In express terms the note on its face declares the policies void if the note is not paid when due. This note is similar to the language construed in *Ferebee v. Insurance Co.,* 68 N. C., 11." In 3 Cooley Ins., 2269, and cases cited, and *Pitt v. Insurance Co.,* 100 Mass., 500, it is said that when a policy or a note contains "a stipulation to this effect, a failure to pay at maturity a note given for a premium will work a forfeiture of insurance." On this trial, there was no new testimony adduced tending to show payment of premium.

The plaintiff contends that as it puts the policy in evidence with proof of the death of the assured and the letter of 14 September, 1909, from the company to the deceased, which stated that it had received the remittance in settlement of the policy, that this made out a *prima facie* case, and that the words in the letter, "Your official receipt has been attached to your note," called for explanation by evidence from the defendant, and, therefore, the case should have gone to the jury. The court refused to grant a nonsuit at close of plaintiff's evidence. The defendant put in evidence the following letter, which it obtained from the plaintiff upon due notice to produce the same, dated 30 November, 1909: "Your note of $18.17 and interest, total $18.55, has been returned to us by the bank, marked 'No attention.' In order to keep Policy No. 724 in force, it will be necessary for you to let us have check for above amount by return

mail, together with the inclosed informal health certificate for the approval of the medical department." This was written evidence showing that the premium note had not been paid, and that whatever might have been the effect, as a waiver, of presenting the note for payment, the action of defendant on that date negatived any waiver after that date, unless the deceased should make payment. There was no evidence contradictory of this, and the court properly sustained a motion to nonsuit, for upon the evidence, taken in the most favorable aspect, the plaintiff could not recover.

It is true, the plaintiff claims that under the automatic extension feature of the policy, there having been payment of three annual premiums, the plaintiff was entitled to an extension to the amount marked on the policy. The policy, which was in evidence, provided that the "nonforfeiture value on the margin of this page shows the several guaranteed values of this policy corresponding to the number of years for which annual premiums have been paid, and in the event of any indebtedness against this policy these values will be reduced proportionately." This table shows that where three annual premiums had been paid, as in this case, the loan value was $60, which would have entitled the insured to three years and one month's extension. But it appeared in the evidence of the plaintiff that the insured had borrowed said $60 from the company, which was unpaid, and therefore, upon the plaintiff's evidence, the insured was entitled to no extension.

Affirmed.