## Crafton, et al. v. Home Insurance Company of New York.

(Decided November 14, 1922.)

### Appeal from Henderson Circuit Court.

1. **Insurance—Fire Insurance—Forfeitures.**—Contracts of fire insurance containing a provision for a forfeiture on non-payment of any premium or premiums are valid and enforcible; and under them the failure to pay any installment premiums when due is a sufficient defense to an action upon the policy to recover for

a loss happening during the time when such premiums are thus overdue and unpaid.

2.   Insurance—Fire Insurance—Parol Agreement.—Where policies contain such a provision, evidence that the note was given under a parol agreement that non-payment of the note should not work a forfeiture has been deemed inadmissible.

VANCE AND HEILBRONNER for appellants.

J. L. DORSEY, GORDON & LAURENT, F. M. DRAKE and LEO KING for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Crafton was on the 20th of April, 1917, the owner of a tract of land in Henderson county on which were two or three residences and several barns, one of said residences being a two and one story shingle roof frame dwelling house with other improvements. R. C. Soaper, the Ohio Valley Banking & Trust Company and Thomas Baskett all at one time or another owned and held equities in this farm and the improvements thereon, but it will be unnecessary to a decision of this case to refer to any of the plaintiffs save Crafton because he was the legal owner of the insured property at the time of the issual of the policy and the equitable holder of the policy at the time of the fire.

On the 24th of April, 1917, the Home Insurance Company, in consideration of $36.64 paid by Crafton, and his further agreement to pay installments of like amounts on an installment note executed by him to said company for $146.56, due and payable on the first of April yearly thereafter for five years, the said insurance company insured the two and one story shingle roof frame residence upon the said farm for the sum of $1,500.00, a clause in the policy reading as follows: "$1,500.00 on 2 and 1 story shingle frame dwelling house, including foundations, additions, now and hereafter attached, irremovable fixtures, plumbing, heating and lighting apparatus, porches, storm doors and screens while therein or attached thereto." To the policy was attached a clause reading: "Loss, if any, payable to Ohio Valley Bank and Trust Company, mortgagee, as its interest may appear, subject nevertheless to all the conditions of this policy. Attached to and forming a part of policy F. I. No. 401856, Western Farm Department, The Home

Insurance Co., New York.   Issued   to   C.   C.   Crafton. Dated Chicago, April 24, 1917.''

On the 4th of April, 1920, the dwelling house insured for $1,500.00 was totally destroyed by fire. The premium on the fire insurance policy was due on April 1st of that year, and the premium had not been paid on the due date, April 1st. The policy contained a provision reading:

''It is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note given for premium upon this policy remains past due and unpaid; or while any single payment promissory note (acknowledged as cash or otherwise), given for the whole or any portion of the premiums remains past due and unpaid.   Payments of notes and installments thereof must be made to the said HOME INSURANCE COMPANY, at its WESTERN FARM DEPARTMENT OFFICE IN CHICAGO, ILL., or to a person or persons specially authorized to collect the same for said company.   And it is expressly agreed that the failure of the assured to receive the notices that may be sent by the company of the approaching maturity of the premium note or notes, or any installment thereof shall not operate to render the company liable for any loss or damage while such note or notes, or installment thereof, remains overdue and unpaid.   The company may collect by suit or otherwise any past due notes, or installments thereof, and a receipt from the said Chicago office of the company for payment of past due notes or installments must be received by assured before there can be a revival of the policy, such revival to begin from the date of said payment, and in no case to carry the insurance beyond the end of the original term of this policy.''

According to the express terms of the policy it was to cease and be of no effect when a premium installment became due and was not paid or a note for a premium became due and was not paid.   As the evidence plainly shows the premium installments for which a note was given for the sum of $36.64 was due and payable April 1, 1920, was not paid upon that day and the fire did not occur until April 4th, but did occur before the premium was paid or offered to be paid, the policy of fire insurance upon said house lapsed and the insured was no more entitled to collect upon that policy than one which

had become invalid a year before. Most policies now contain a provision for forfeiture on non-payment of any premium note. It is well settled that provisions of this kind are valid and enforceable, and under them the failure to pay any installment premium when due is a sufficient defense to an action upon the policy to recover for a loss happening during the time when such premium is thus overdue and unpaid. Where a policy contains such a provision, evidence that the note was given under a parol agreement that non-payment of the note should not work a forfeiture has been deemed inadmissible. 14 R. C. L., p. 977; Thompson v. Knickerbocker Life Ins. Co., 104 U. S. 252; Robinson v. Continental Ins. Co., 76 Mich. 641; 6 L. R. A.

In the case of Robinson v. Insurance Company, decided by the Supreme Court of Michigan, the fire occurred October 7, 1886. The premium was due on the fire policy from March 30, 1886, but no offer of payment was made until after the fire. In disposing of a contention very much like that made by appellant here, that court said: ''The policy was to remain valid and in force up to the time the note became due, and if the note was not then paid the policy was to lapse. This is the plain meaning of the terms of the policy. There is no force in the other suggestions. By the terms of the policy, the note was payable at the office of the company in Chicago, or at its office in New York, or to any authorized person having such note in possession for collection. The plaintiff made no effort to pay it until after the fire occurred, though it had been in the bank there from March previous. It is apparent that, if he had been as diligent in searching for his note before the fire as after, he would have had no difficulty in finding it and making payment in time to have kept his policy alive. And it is bound by the contract which he has made.''

The claim of appellant that the agent of the insurance company agreed to protect Crafton besides being very doubtful upon the facts, cannot be sustained because of the negligence of Crafton in failing for weeks to have the benefits of the policy reassigned to him by Baskett, to whom it had been previously assigned, and for the still better reason that the alleged agreement with the insurance agent did not relate to protecting Crafton in case of default of payment of premiums, but only to certain equities which it is not necessary here to set out.

It follows therefore that the trial court—there being no cause of action shown in plaintiff—did not err in directing a verdict for the insurance company.

Judgment affirmed.