SARAH K. HAYWORTH v. PHILADELPHIA LIFE INSURANCE COMPANY.

(Filed 16 December, 1925.)

1. **Insurance—Premiums—Extension Notes.**

   Stipulation in a note given for the payment of the premium on a policy of life insurance extending the time for payment, that the policy will be void if not paid at maturity, is valid.

2. **Same—Payment—Unpaid Checks—Contracts.**

   Where a life insurance company accepts a check of the insured for the payment of a premium, or an extension premium note, and the check is not paid by the drawee bank, and when the cancellation of the extension note by the company is upon condition that the check will be paid, and upon its nonpayment, a provision in the note declaring the policy void if the note is not paid by or before maturity, is valid and enforcible.

3. **Contracts—Written Terms—Insurance—Policies—Extension Notes.**

   Where the contract for the extension of the payment of the premium on a life insurance policy is clear, its valid stipulations as to the conditions of the extension note will be enforced in accordance with their terms.

APPEAL by plaintiff from ROWAN Superior Court. *Lane, J.*

Action to recover on insurance contract. From a judgment sustaining defendant's demurrer, plaintiff appealed. Affirmed.

The material facts appearing in the complaint are as follows:

Defendant issued 24 September, 1920, a policy of insurance on the life of John B. Hayworth, payable to plaintiff at the death of the insured, her husband. Premium $100.08 per year, payable in advance. The first premium was duly paid and the policy delivered on its date. When the second premium became due 24 September, 1921, the insured paid defendant cash $27.33, and delivered to it three notes of $25.00 each, payable 24 December, 1921, 24 March, 1922, 24 June, 1922 respectively. The note due 24 December, 1921, was paid. These notes each contained the following: "That if this note is not paid at its maturity or at the expiration of any period to which it shall be extended, the said insurance contract No. 58160 shall lapse, and all further liability of

said Philadelphia Life Insurance Company on account of said contract shall immediately cease and determine." This provision was subject to other privileges and provisions not material to this case, except it is provided that "no personal liability accrues under this note, and in event of nonpayment the sole remedies of the company shall be as stated herein."

When note due 24 March, 1922, came due, the defendant agreed with the insured to extend its payment to 6 June, 1922, upon receipt of approved personal health certificate and check for $25, post-dated 6 June, 1922, and in receipt thereof, defendant wrote the insured that, "we have extended the time for the payment of your note to 6 June, 1922, on which date we will deposit your check and forward this note to you." This check was written 8 May, 1922, drawn on the Bank of Lexington, at Lexington, N. C., and was deposited for collection in the city of Philadelphia, 7 June, 1922, presented at the Bank of Lexington for payment 9 June, 1922, payment refused for that the insured did not have sufficient funds in the bank to pay the same, and on 7 June, 1922, when the check was deposited for collection, defendant stamped the note "paid," and returned the same to the insured. The insured on 6 June, 1922, had sufficient funds in the Bank of Lexington to pay said check. The defendant 22 June, 1922, wrote the insured that his check dated 6 June, 1922, had been returned unpaid, further stating: "As this check was given in payment of your note of $25 together with accrued interest of 60 cents, due by extension 6 June, 1922, on your policy No. 58160, this policy has lapsed for nonpayment of this note."

There was a further statement in this letter that they would be glad to receive his remittance for the note and reinstate the policy if the remittance was received on or before 3 July, 1922, and if a health certificate (a form enclosed) should be received and approved by the defendant's medical department. The insured died 23 June, 1922.

The policy, among other things, provided that the "failure to pay any premium or note when due will forfeit the policy and all payments thereon."

The defendant demurred *ore tenus* to the complaint and the court below sustained the demurrer.

*Z. I. Walser and R. Lee Wright for plaintiff.*
*Rendleman & Rendleman and Stewart, McRae & Bobbitt for defendant.*

VARSER, J. An action was instituted in the Superior Court of Davidson County between the same parties, and on the same policy, and removed to the District Court of the United States, at Greensboro, and

there tried. In this first action, $6,000 was demanded on account of the double indemnity provision in the policy. Plaintiff there recovered, but, upon writ of error in the Circuit Court of Appeals, the judgment in favor of the plaintiff was reversed, and the action remanded for a new trial.

Upon examination of the authorities we are convinced that the reasoning contained in the opinion of *Circuit Judge Rose* is not only clear and satisfactory, but is supported by the prevailing authorities, and that the plaintiff cannot recover. *Philadelphia Life Ins. Co. v. Hayworth*, 296 Fed., 339.

When this action was remanded to the district court at Greensboro, the plaintiff submitted to a voluntary nonsuit and instituted the present action in Rowan Superior Court, claiming only $3,000, not declaring upon the double indemnity provision of the policy.

The facts stated in the complaint, as set out above, were the established facts upon which the Circuit Court of Appeals rendered its opinion. We feel that it would be unnecessary to submit further reasons than those given in this opinion. However, in addition to the authorities cited in that opinion, there are other decisions from this State fully supporting the conclusions therein reached.

When a note is given for the payment of the premium in a life insurance policy and the note and the policy contain a stipulation that, upon the failure to pay the note at maturity, the policy shall cease and determine, then a failure so to pay such premium note renders the policy void. *Ferebee v. Ins. Co.*, 68 N. C., 11; *Sexton v. Ins. Co.*, 157 N. C., 142; *Sexton v. Ins. Co.*, 160 N. C., 597; *Murphy v. Ins. Co.*, 167 N. C., 334, 336; *Perry v. Ins. Co.*, 150 N. C., 145; *McCraw v. Ins. Co.*, 78 N. C., 149; *Underwood v. Ins. Co.*, 177 N. C., 327, 334.

It is, also, further established in this jurisdiction that, "in the absence of an agreement to the contrary the delivery of a check by the debtor to the creditor, and the acceptance by the creditor of the check, is not payment of the indebtedness until the check has been paid." *Graham v. Warehouse*, 189 N. C., 536; *Bank v. Barrows*, 189 N. C., 303; *Wilson v. Jennings*, 15 N. C., 90; *Spear v. Atkinson*, 23 N. C., 262; *Mauney v. Coit*, 86 N. C., 463; *Bank v. Hollingsworth*, 135 N. C., 571; *Chemical Co. v. McNair*, 139 N. C., 334. In *Ins. Co. v. Durham County*, ante, 58, the Court says: "The checks which were not paid do not constitute payments." The premium note was not paid. A worthless check is not a payment. There is no fact in the complaint that tends to show that the check was accepted as a payment. It was a conditional payment and when it was not paid the condition which prevented it from operating as a payment, happened, and the policy lapsed. The failure to have the funds in the bank to meet the check was the

fault of the drawer, and no loss resulted from any delay on the part of the payee.

When such a provision of forfeiture appears in the policy and in the premium note there is no room for construction, the intent of the parties is clear, and the courts must enforce these contracts as made. The forfeiture occurred and plaintiff cannot recover. *Pitt v. Berkshire Life Ins. Co.,* 100 Mass., 500; *Crofton v. Home Ins. Co.,* 199 Ky., 517, 251 S. W., 992. When the note contains the forfeiting stipulation and the policy does not, nonpayment is fatal according to *Holly v. Metropolitan Life Ins. Co.,* 105 N. Y., 437; *Resseler v. Fidelity Life Ins. Co.,* 110 Tenn., 411. See, also, *Hale v. Michigan Farmers Mutual Ins. Co.,* 148 Mich., 453; *Underwood v. Security Life & Annuity Co.,* 108 Tex., 381. An interesting note on this subject is in Yale Law Journal, vol. 35, No. 2. December, 1925, 236.

We conclude the judgment below must be
Affirmed.