GEORGE W. SMITH v. ÆTNA INSURANCE COMPANY.

(Filed 30 October, 1929.)

1. **Insurance J b—In absence of valid waiver the provision in policy for forfeiture for nonpayment of premiums is valid.**

    A policy of fire insurance for a term of years containing a provision excluding the insurer from liability for a loss that may occur while any installment note given for the premium remains past due and unpaid, by its valid terms does not render the insurer liable when the insured has not paid the premiums, but has given notes therefor, and a fire occurs after the maturity of the unpaid notes, in the absence of a valid waiver by the insurer of the provisions of the policy in this respect.

2. **Same—In this case held: evidence of waiver of provision for forfeiture for nonpayment of premium insufficient.**

    Where a policy of fire insurance provides that the insurer would not be liable for loss covered by the policy during the time notes given for premiums were past due and unpaid, evidence that other policies issued the plaintiff, containing the same provisions had been reinstated upon the payment of the premiums, without evidence of demand by the insurer for the payment of the premium on the policy sued on after the maturity of the notes, is insufficient evidence of a valid waiver by the insurer of this provision, and the burden being upon the plaintiff to show a valid waiver, a motion as of nonsuit should be granted.

3. **Same—Where insured does not read policy his failure to do so is not evidence of waiver of provisions by insurer.**

    Where an insured can read and understand his policy of fire insurance, and has full opportunity to do so, and the insurer does nothing to prevent

him from reading the policy, the neglect of the insured to have acquainted himself with the conditions on which the policy was issued and written cannot be taken as evidence of the waiver by the insurer of the conditions imposed.

APPEAL by defendant from *Cranmer, J.,* at April Term, 1929, of CUMBERLAND. Reversed.

Action to recover upon a policy of fire insurance. The validity of the policy at the date of its issuance, and the destruction by fire of the property insured thereby, are admitted. The question involved is whether the policy was in force at the date of the loss.

It is admitted that by reason of the default of plaintiff in the payment of his note for a portion of the premium for said policy, at its maturity, and of the continued default in such payment, the policy was not in force according to its terms at the date of the loss, and that defendant, by virtue of a provision in said policy, is not liable to plaintiff for the loss resulting from the destruction of his property by fire.

The premium note was due on 1 September, 1928. The loss occurred on 26 September, 1928. At the date of the loss, the note was past due and unpaid. No demand for the payment of said note was made by the defendant, after its maturity and prior to the date of the loss.

Plaintiff alleges that by its conduct prior to the maturity of said note defendant waived the provision in the policy and also in the note, that defendant should not be liable to plaintiff, under the policy, for any loss or damage to the property, insured thereby, if such loss or damage should occur while any note given for the premium or for any portion of the premium was past due and unpaid. This allegation is denied by the defendant.

The issues submitted to the jury were answered as follows:

"1. Did the defendant Ætna Insurance Company, waive the provision as to the payment of the note, as alleged in the reply? Answer: Yes.

2. What sum, if any, is plaintiff entitled to recover of defendant? Answer: $2,000, and interest from the date of the fire, less note, $33.16, and interest."

From judgment on the verdict defendant appealed to the Supreme Court.

*Cook & Cook for plaintiff.*
*Vann & Millikin for defendant.*

CONNOR, J. The policy of insurance issued by defendant to plaintiff, insuring the property described therein against loss or damage by fire for a term of five years from and after 2 November, 1927, contains a provision as follows:

"It is understood and expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned, while any installment note given for premium upon this policy remains past due and unpaid; or while any single payment, promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium, remains due and unpaid."

Plaintiff did not pay the premium for said policy, or any portion thereof, in cash. He gave two notes for said premium, one for $33.16, due on 1 September, 1928, and the other for $132.64, due in four equal installments of $33.16 on 1 December, 1928, 1929, 1930 and 1931, respectively. In both said notes there was a provision identical with that in the policy to the effect that upon default in the payment of said note, according to its terms, the defendant should not be liable to plaintiff under the policy, during the continuance of such default. But for the default of plaintiff in the payment of the note which was due on 1 September, 1928, the policy would have been in force at the date of the loss, to wit, 26 September, 1928. By reason of such default, however, the policy was not in force on said date, unless defendant had, as contended by plaintiff, by its conduct prior to the date of such default, waived the provision in the note and also in the policy.

In *Hayworth v. Insurance Co.,* 190 N. C., 757, 130 S. E., 612, it is said: "When a note is given for the payment of the premium on a life insurance policy and the note and the policy contain a stipulation that, upon the failure to pay the note at maturity, the policy shall cease and determine, then a failure to pay such premium note renders the policy void." This principle, well settled in this and other jurisdictions, is applicable not only to life insurance policies, but also to other policies, including fire insurance policies. *Moore v. General Accident, Fire and Life Assur. Corp.,* 173 N. C., 532, 92 S. E., 362. In the instant case, it is provided in effect that the continued default in the payment of the note for the premium, or for a portion thereof, after its maturity, suspends the liability of the company under the policy during the period of such default. If the company after such default accepts or demands payment of the note, the policy is thereby reinstated from the date of such acceptance or demand. If a loss occurs after the policy has thus been reinstated, the company is liable for such loss, according to the terms of its policy, notwithstanding the suspension of its liability during the period of default.

It is conceded by defendant that in accordance with authoritative decisions of this Court, notwithstanding the provision in the policy with respect to the effect of plaintiff's default in the payment of his premium note, upon the liability of the defendant, the defendant is liable under

the policy if it has waived said provision, as alleged by plaintiff. The burden, however, is on the plaintiff to show such waiver.

On an examination of the record in this appeal, we fail to find any evidence showing or tending to show a waiver, by defendant, as contended by plaintiff. There was no evidence tending to show that defendant or its agents caused the plaintiff to fail to pay his note at its maturity, or to rely upon an extension of said note by defendant. The fact that defendant after the maturity of a note given by plaintiff for the premium on another policy, issued by defendant to plaintiff prior to the issuance of the policy in this case, accepted payment of said note and thereby reinstated the said policy, was not sufficient as evidence that defendant, at the date of the issuance of this policy, and the execution of this note, waived the provision in the policy and the note, with respect to the effect of a default in the payment of this note upon defendant's liability under this policy. Acceptance of payment of a premium note had the effect only of reinstating the policy from the date of such payment. There was no evidence in this case that plaintiff, either before or after its maturity, requested defendant to extend the date of the maturity of his note. Plaintiff testified that he can read and write. The fact that he did not know when his note became due, because he failed to read either the note which he signed, or the policy which was delivered to him, is not evidence tending to show a waiver by defendant. There is no evidence tending to show that plaintiff failed to read the note or the policy because of any conduct on the part of defendant or its agents.

There was error in the refusal of the court to allow defendant's motion for judgment as of nonsuit, at the close of all the evidence. The judgment must, therefore, be

Reversed.