MINNIE BELL SELLERS v. LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 1 November, 1933.)

1. **Insurance J b—Failure to pay note for extended premium at maturity forfeits policy according to its terms.**

   The provision in a note, given for extension of payment of premium in whole or in part on a policy of life insurance, that the policy would be forfeited without notice if the note should not be paid at maturity, determines the rights of the parties, and the policy is forfeited if the note is not paid at maturity in the absence of waiver or an agreement to the contrary.

2. **Same—Mailing of notice of next quarterly premium is not waiver of forfeiture for failure to pay extension note at maturity.**

   Where a policy of life insurance is forfeited for failure to pay at maturity a note given for extension of payment of premium, the mailing of notice of the next regular quarterly premium by the insurer in compliance with C. S., 6465, which notice does not demand payment of the balance due on the extended premium, is not a waiver by the insurer of forfeiture.

SELLERS *v.* INSURANCE CO.

APPEAL by plaintiff from *Finley, J.*, at May Term, 1933, of CALDWELL. Civil action to recover on a policy of insurance.

On 12 August, 1931, the defendant issued a policy of insurance on the life of plaintiff's husband in the sum of $1,000. Quarterly premiums in the amount of $5.97 each were payable in advance. The premiums due 12 August, 12 November, 1931, and 12 February, 1932, were paid. When the next quarterly premium fell due, 12 May, 1932, the assured made a partial payment of $1.92 and received an extension of time until 12 July, 1932, within which to pay the balance of said quarterly premium. The extension agreement provided that failure to pay the balance on said extended date would render the policy void, without notice. This balance was never paid.

In the latter part of July, 1932, the assured received from the defendant notice that quarterly premium of $5.97 would be due 12 August, 1932. Said notice shows on its face that it was sent in compliance with the provisions of C. S., 6465.

The assured died 4 August, 1932.

From a judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning error.

*Louis A. Whitener and Newland & Townsend for plaintiff.*
*Self, Bagby, Aiken & Patrick for defendant.*

STACY, C. J. It is conceded that the policy in suit lapsed on 12 July, 1932, for nonpayment of balance of the 12 May quarterly premium, unless strict compliance was waived by mailing notice of the next regular quarterly premium due 12 August, 1932, in accordance with the provisions of C. S., 6465.

As tending to support her claim of waiver, the plaintiff relies upon *Murphy v. Ins. Co.,* 167 N. C., 334, 83 S. E., 461, and *Moore v. Assurance Corp.,* 173 N. C., 532, 92 S. E., 362, but these authorities are not accordant with plaintiff's position. Had the notice been a demand for the payment of the extended balance due on the 12 May premium, similar to the demand in the *Murphy case,* quite a different situation would have been presented.

The doctrine of waiver, of course, is well established (*Ins. Co. v. Eggleston,* 96 U. S., 572), but it is also uniformly held that a note given in extension of payment, in whole or in part, of a premium due on a life insurance policy, which provides for forfeiture of the policy in case the note is not paid at maturity, or that the contract of insurance shall cease and determine upon default in payment of the note according to its tenor, such provision thereupon becomes, for the time being at least, the measuring stick for determining the rights of the parties, and avoids

the policy, or contract of insurance, if said note is not paid at maturity. *Hayworth v. Ins. Co.,* 190 N. C., 757, 130 S. E., 612; *Underwood v. Ins. Co.,* 177 N. C., 327, 98 S. E., 832; *Ins. Co. v. Lewis,* 187 U. S., 335; *Deihl v. Ins. Co.,* 213 N. W. (Ia.), 753, 53 A. L. R., 1528.

Mailing notice of the regular quarterly premium due 12 August, 1932, in compliance with the provisions of the statute, was but a routine matter, and did not have the effect of waiving the intervening forfeiture and reviving the policy. *Sexton v. Ins. Co.,* 160 N. C., 597, 76 S. E., 535; *Perry v. Ins. Co.,* 150 N. C., 143, 63 S. E., 679; *McGraw v. Ins. Co.,* 78 N. C., 149. The demurrer to the evidence was properly sustained.

Affirmed.