7683

BROWN v. SARTOR.

JUDGMENT—MORTGAGES—LIENS—PAYMENTS.—A simple contract creditor whose debt was contracted after the execution of two mortgages but before record of either out of time and without actual notice, whose debt was reduced to judgment after the record of the mortgages, divides the proceeds arising from sale of mortgaged lands ratably with the mortgages, but he should be paid before a simple contract

creditor whose debt was contracted since the mortgages, without notice, but not reduced to judgment. The amount applicable to the two mortgages must be first applied to the second.

Before DeVore J. Union December 1909.    Modified.

Action by C. P. Brown against W. H. Sartor *et al.*   From Circuit judgment, defendants Merchants National Bank, J. W. Norwood, B. F. Arthur, W. H. Gist and H. B. O'Shields, Receivers of the Peoples Bank of Union, and J. A. Brown appeal.

*Messrs. Haynsworth & Haynsworth* for Merchants' National Bank, cite: *Unrecorded mortgages void as to appellant's debt:* 74 S. C. 368; 57 S. C. 288; 27 S. C. 582; 3 Strob. 58; 37 S. C. 222; 23 S. C. 416; 41 S. C. 50.

*H. K. Osborne* and *S. T. McCravy* for appellant Norwood, cite: *The law of recording:* 23 S. C. 543; 27 S. C. 576; 56 S. C. 463; 27 Cyc. 1157, 1198, 1216; Code 1902, 2456; 74 S. C. 372.

*Messrs. Wallace & Barron* for People's Bank appellants and *Mr. J. A. Sawyer* for J. A. Brown appellant, cite: *The Brown mortgage should be paid before Tamsburg mortgage:* Code 1902, 2456; 78 S. C. 294; 56 S. C. 463; 53 S. C. 295; 36 S. C. 204; 27 S. C. 576.

*Messrs. Nelson, Nelson & Gettys* and *J. G. Hughes* for Trustees of Inman & Co. contra, cite: *Merchants bank is not a lien creditor:* Code of Proc. 266, 300, 309; 6 S. C. 13; 28 S. C. 79.

October 14, 1910.    The opinion of the Court was delivered by

Mr. Justice Woods.    The plaintiff C. P. Brown brought this action to foreclose a mortgage for $5,000 given by W.

H. Sartor on May 1st, 1905, and recorded on May 2nd, 1905. There is no dispute as to the validity, priority and amount of the plaintiff's mortgage, and in the consideration of the case that debt will be left out of view entirely; but other creditors of W. H. Sartor were made parties defendant and there are complex questions to be decided as to the rights of these creditors against each other in the distribution of the surplus proceeds of sale after satisfaction of the plaintiff's mortgage. The following statement shows the nature and status of the claims of these creditors:

1. Note and mortgage to Charles T. Tamsburg, $12,141.98, dated October 6th, 1905, but not recorded until January 6th, 1908, now owned by Thos. Barrett and others, trustees of the bankrupt estate of Inman & Company.

2. Note and mortgage to J. A. Brown, $7,198, and attorney's fees, dated April 18th, 1907, but not recorded until November 27th, 1907, now owned by W. H. Gist and others, receivers of the Peoples Bank of Union.

3. Notes to Merchants National Bank of Richmond, Virginia, for debt contracted after the execution of the two mortgages just mentioned without notice of their existence by record or otherwise. Upon these notes judgment was recovered for $8,911.73 on May 28th, 1908, after both mortgages were recorded.

4. A debt to Union Building & Loan Association reduced to judgment September 19th, 1908, for $831.44.

5. Notes held by J. W. Norwood for a debt contracted after the execution of the mortgages without notice of their existence by record or otherwise, amounting to $28,999.99. This debt has never been reduced to judgment.

The amounts above stated are taken from the report of the master and are set out for the purposes of identification. The statement does not affect the power of the Circuit Court to correct any mistakes in the computation. The cause was referred to the master and his report was passed on and modified by the Circuit Court. For the sake of brevity, we

refrain from making a detailed statement of the reasoning
and conclusions of the master and the Circuit Judge, and
proceed with the application of the principles which seem to
us determinative of the rights of the parties.

As to the judgment of the Union Building & Loan Asso-
ciation, the master reported: "The judgment of the Union
Building & Loan Association by consent of counsel repre-
senting it, is placed on an equality with the simple contract
creditors." We understand this to mean that the Union
Building & Loan Association claims no rights either as a
lien creditor or as a subsequent creditor without notice of the
mortgages. None of the exceptions, either to the master's
report or to the decree of the Circuit Court, refer to this
claim. Its status being fixed by consent, it will be entirely
disregarded in the consideration of the rights of the contend-
ing creditors.

All agree that neither the mortgage held by Barrett and
others, as trustees, nor the mortgage held by Gist and others,
as receivers, can have any preference over the Merchants
Bank of Richmond or J. W. Norwood, for the reason that
the mortgages were not recorded within the time required by
statute, and the Merchants Bank and Norwood became
creditors of Sartor without notice of these mortgages. This
being so, Norwood claims, as between him and the other
creditors, that his right is to have the entire proceeds of sale
remaining after the payment of the plaintiff's mortgage
applied *pro rata* to the payment of his debt along with the
two mortgage debts and the debt of the Merchants Bank
now in judgment. In opposition to this claim of Norwood,
the Merchants Bank insists that by obtaining judgment on
its claim it acquired a lien on the property by reason of which
it is entitled to have the entire proceeds of sale applied to the
satisfaction of its debt to the exclusion of the mortgage
debts and the debt of Norwood, which is not in judgment.

Laying aside for the moment the claim of the mortgagees
against each other, we consider first whether the Merchants

Bank has, by virtue of its judgment, any preference over the mortgages. The precise point here involved has not been decided under our statute, but from a consideration of the scope and object of the statute on the subject, (Civil Code, section 2456), it seems perfectly clear that the judgment has no such preference over the mortgages. The statute makes the mortgages of no effect against the Merchants Bank and Norwood as subsequent creditors without notice, because of the lack of record within forty days. But the statute also provides that the recording "subsequent to the expiration of said forty days shall from the date of such record operate as notice to all who may subsequently thereto become creditors or purchasers." The right of subsequent creditors to assert mortgages not recorded within the statutory time to be void as against them is fixed by the statute and cannot be changed by the recording out of time. If the subsequent creditor has no lien at the time of the recording beyond the forty days, then he stands on an equal footing with the mortgage creditor; if he has acquired a lien, then he must be satisfied first. But for all other purposes, after the mortgage has been recorded, though after the statutory limit, it is to be regarded as if a mortgage had been made as of the day of record, having a lien from the date of the recording which cannot be displaced by any lien subsequently acquired by record or otherwise. This is the principle laid down in *Steele* v. *Mansell,* 6 Rich. 442; *King* v. *Fazier,* 23 S. C. 543, and *Carraway* v. *Carraway,* 27 S. C. 576, 5 S. E. 157. That this must be true seems clear from the fact that the limitations upon the validity of mortgages recorded out of time depend entirely upon the terms of the statute; and the statute contains no provision that a subsequent creditor may take a mortgage, or enter a judgment, or acquire a lien in any other way, after the recording of a prior mortgage, which will be superior to such prior mortgage. The rule which the statute was intended to establish, and, we think, its plain meaning, is that mortgages not recorded within the

time fixed are invalid as to subsequent creditors whose debts were contracted before actual record, but that after actual record no superior lien can be acquired by judgment or otherwise.    Therefore as against the mortgage creditors, the Merchants Bank, notwithstanding its judgment, can claim no right beyond a *pro rata* distribution of the surplus proceeds of the sale of the land.

The next inquiry is, whether the Merchants Bank has any right to be preferred to Norwood?    If the Merchants Bank and Norwood were the only claimants, it would not be doubted that the Merchants Bank, as a creditor having a judgment lien, would be entitled to have its judgment debt satisfied before anything could be paid to Norwood, who is a creditor without a lien.    The presence of the mortgage creditors in the case cannot affect the principle.    As against the Merchants Bank and Norwood the two mortgage creditors are entitled to a *pro rata* distribution of the surplus proceeds of the sale.    The *pro rata* share of the mortgagees having been taken out, the residue is what the Merchants Bank and Norwood would be entitled to receive in proportion to their debts, if they stood with respect to each other on an equality.    But as against Norwood, the Merchants Bank has a lien on the entire fund, and hence if the land does not bring enough to pay both, the portion which Norwood would receive but for the bank's judgment must be applied to that judgment until it is satisfied.

It remains to determine the rights as against each other of Barrett and others, trustees of Inman & Company, owners of the mortgage known as the Tamsburg mortgage, and Gist and others, receivers of the Peoples Bank, owners of the mortgage known as the Brown mortgage.    As already pointed out, the holders of these mortgages are entitled as against the Merchants Bank and Norwood to share *pro. rata* in the entire surplus proceeds of sale, but neither has any lien or preference as against the Merchants Bank and Norwood.    If the holders of these two mortgages were the only

creditors, there would be no uncertainty under the recording act as to the prior right of the Brown mortgage held by Gist and others, as receivers. The Tamsburg mortgage was executed October 6th, 1905, and recorded January 2nd, 1908; but between its date and record, the Brown mortgage was taken on April 18th, 1907, and recorded on November 27th, 1907. Brown, therefore, was a subsequent creditor without notice, and by virtue of his mortgage as against Tamsburg who was an antecedent creditor, he had a lien superior to the mortgage of Tamsburg. *Turpin* v. *Sudduth,* 53 S. C. 295, 31 S. E. 245. The presence of the Merchants Bank and Norwood in the cause, and the fact that a portion of the proceeds of the sale of the land must be absorbed by their claims does not in any wise affect the priorities of the mortgagees with respect to the proceeds of sale applicable to the mortgage debts. As against the Tamsburg mortgage, the Brown mortgage would be a superior lien on the entire land and proceeds of sale. By the failure of both mortgagees to record within time, a part of the land or its proceeds must go to subsequent creditors; but obviously that portion which remains applicable to the debts represented by the mortgages must be subject to the same priority as the whole would have been. The result is that if the fund to be derived from the sale of the land is not large enough to make the *pro rata* share of the Brown mortgage sufficient for its satisfaction, then the *pro rata* share which would be applied to the Tamsburg mortgage but for the priority of the Brown mortgage must be applied to the Brown mortgage.

From these conclusions it follows that the surplus proceeds of the sale of the land after satisfaction of the plaintiff's mortgage must be paid out as follows:

Ascertain the *pro rata* share that would go to the debts represented by the judgment of the Merchants Bank, the notes of J. W. Norwood, the Tamsburg mortgage and the Brown mortgage as if they were all on an equal footing. Pay to the Merchants Bank its *pro rata* share and so much

of the *pro rata* amount as would go to J. W. Norwood but for the judgment of the Merchants Bank, as is sufficient to pay in full the Merchants Bank; then pay to J. W. Norwood what remains of the *pro rata* amount that would have gone to him but for the judgment of the Merchants Bank.   Pay to Gist and others, receivers, the *pro rata* amount set off to the Brown mortgage and as much of the *pro rata* amount as would go to the Tamsburg mortgage but for the priority of the Brown mortgage, as is sufficient to pay the Brown mortgage; then pay to Barrett and others, holders of the Tamsburg mortgage, what remains of the *pro rata* amount that would have been applicable to the Tamsburg mortgage but for the fact that as against the Tamsburg mortgage the Brown mortgage is a superior lien.

The judgment of this Court is that the judgment of the Circuit Court be modified accordingly.