**FEDERAL RESERVE BANK OF RICHMOND v. MALLOY et al.**

(Circuit Court of Appeals, Fourth Circuit. July 12, 1923.)

No. 2106.

Banks and banking ⬯161(3)—Collecting bank, unless specially authorized, may receive only money in payment.

A bank receiving a check for collection, unless specially authorized, has no right to accept anything in lieu of money in payment; and where it accepts in payment the check of the drawer bank on a third bank, when it might have collected in money, it does so at its own risk, and is liable to the owner for the amount of the original check.

In Error to the District Court of the United States for the Eastern District of North Carolina, at Raleigh; Henry G. Connor, Judge.

Action at law by D. J. Malloy and J. H. Malloy, trading as Malloy

Bros., against the Federal Reserve Bank of Richmond and another. Judgment for plaintiffs against the bank, and it brings error. Affirmed.

For opinion below, see 281 Fed. 997.

M. G. Wallace, of Richmond, Va. (J. C. Little, of Raleigh, N. C., on the brief), for plaintiff in error.

Robert H. Dye, of Fayetteville, N. C. (Branch & Snow, of Quitman, Ga., on the brief), for defendant in error.

Before WOODS and WADDILL, Circuit Judges, and GRONER, District Judge.

WADDILL, Circuit Judge. This action was instituted in the superior court of Cumberland county, N. C., by the defendants in error D. J. Malloy and J. H. Malloy, partners doing business under the firm name of Malloy Bros., citizens of the state of Georgia, against the plaintiff in error, the Federal Reserve Bank of Richmond, a corporation organized under the act of Congress known as the Federal Reserve Act, and Napier G. H. Balfour, a citizen and resident of Cumberland county, N. C. The purpose of the suit was to recover from the plaintiff in error the sum of $9,000, the amount of a certain check drawn by the said Napier H. G. Balfour on the Bank of Lumber Bridge of Lumber Bridge, N. C., in favor of the defendants in error in payment of an indebtedness due them by said Balfour, secured upon real estate in Cumberland county. The check had been intrusted to plaintiff in error for collection in due course of its banking business, and the amount of which was lost to defendants in error, as claimed by them, by reason of the negligence and want of business care exercised by the plaintiff in error; the specific charge being that plaintiff in error negligently mailed said check to the Bank of Lumber Bridge upon which it was drawn, which charged the same to the account of Balfour, the drawer, who had to his credit ample funds to meet the check, and negligently accepted in payment therefor a draft drawn by the Bank of Lumber Bridge on the Atlantic Bank & Deposit Company, of Greensboro, N. C., in favor of the Federal Reserve Bank of Richmond, the plaintiff in error, for said $9,000. This draft was not paid when presented, for lack of funds, and the Bank of Lumber Bridge in a few days suspended, and a receiver was appointed for it. Defendants in error further averred that plaintiff in error carelessly and negligently omitted to give them prompt and timely notice of the failure to receive the amount of said check sent it for collection, which would have enabled them to collect the same, and that the plaintiff in error was liable as well for its negligence in forwarding said check for $9,000 to the bank on which it was drawn, as for accepting something other than money therefor, which proved valueless.

The case was, by appropriate proceeding, removed to the United States District Court for the Eastern District of North Carolina, where the same was docketed, duly matured, and issue joined upon the pleadings. A trial by jury was waived by written stipulation of parties by counsel duly filed, and all questions of law and fact submitted to the judge of the trial court for determination, all parties asking for findings of fact and judgment in their favor. After full consideration, the

court found in favor of the defendants in error against the plaintiff in error, and also found in favor of the defendant Balfour, and rendered judgment against the plaintiff in error in favor of the defendants in error for $9,000, with interest and costs.

This writ of error is presented by the Federal Reserve Bank of Richmond, to review and reverse this judgment. The learned judge of the court below made a full and comprehensive finding of facts, the accuracy of which is conceded, and not challenged in any material respect, and upon the facts thus ascertained, rendered the opinion and judgment sought to be reviewed and reversed. Malloy Bros. v. Federal Reserve Bank (D. C.) 281 Fed. 997.

The assignments of error raise in substance the question of whether the District Court erred in holding plaintiff in error guilty of negligence in the circumstances, and that it was without authority to receive in settlement of the check in its hands for collection, the draft accepted by it upon the Atlantic Bank & Trust Company, the taking of which resulted in the loss sued for.

After most careful consideration, we find ourselves in full accord with the court below upon the facts, if, indeed, it may be said that there is any real dispute about them, and we accept the able and comprehensive opinion of the judge of the District Court as containing a clear and correct review of the law properly applicable to the case, and neither desire nor deem it necessary to add anything to what is there said.

The decision of the District Court will be affirmed with costs.

Affirmed.