## LITTLE v. MANGUM.

(Circuit Court of Appeals, Fourth Circuit. January 11, 1927.)

No. 2530.

**1. Bills and notes ⬦431—In absence of special agreement, check does not pay note until it is paid or accepted at bank.**

In absence of special agreement that check given in payment of note is accepted on condition that it shall itself be paid, note is not paid until check is paid or accepted at bank where payable.

**2. Bills and notes ⬦527(2)—Agreement that check was received in absolute payment cannot be implied from surrender of note marked "Paid."**

Agreement that check was received in absolute payment of note is not to be implied from fact that on its receipt note was marked "Paid" and surrendered.

**3. Bills and notes ⬦537(8)—Whether check was accepted in absolute payment of note held fact question.**

Whether check was accepted in absolute payment of note *held* question of fact.

**4. Judgment ⬦788(1)—Payee, receiving renewal note executed before maker's unrecorded conveyance, held not "subsequent" creditor, and not entitled to subject land to his judgment (Civ. Code S. C. 1912, § 3542).**

Where check, received in payment of note executed before maker's unrecorded conveyance of realty, was protested and returned to payee, and thereafter a renewal note was received therefor without notice of unrecorded conveyance, *held*, that obligation represented by renewal note was not created "subsequent" to conveyance, within Civ. Code S. C. 1912, § 3542, before its amendment in 1914 (Act S. C., Feb. 28, 1914 [28 St. at Large, p. 482]), and payee was not entitled to subject realty to satisfaction of his judgment on note.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Subsequent.]

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Columbia; Ernest F. Cochran, Judge.

Suit by H. W. Little against Sarah Ella Mangum. Decree for defendant, and plaintiff appeals. Affirmed.

W. M. Stevenson, of Bennettsville, S. C. (McColl & Stevenson, of Bennettsville, S. C., on the brief), for appellant.

Mendel L. Smith, of Camden, S. C., for appellee.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PARKER, Circuit Judge. This was a suit in equity, instituted by appellant H. W. Little, hereinafter called complainant, to subject to the payment of a judgment held by him against one Ervin Melton and others a tract of land conveyed by Melton to the defendant Mrs. I. P. Mangum; the deed of conveyance not having been recorded until some time after its execution. The only question raised by the assignments of error is the correctness of the holding that complainant was not a "subsequent" creditor of Melton, within the meaning of the South Carolina recording act, and for that reason not entitled to subject the land in controversy to the satisfaction of the judgment.

The facts bearing upon the phase of the controversy brought up by this appeal are as follows:

In May 1911, H. J. Sellers & Co., a corporation in which Ervin Melton was interested, executed to complainant notes in the sum of $27,000, indorsed by Melton and other directors. Subsequently, on December 12, 1911, Melton, for a valuable consideration, conveyed the land in controversy to the defendant Mrs. Mangum, but the deed of conveyance was not recorded until December 2, 1913. In the meantime, the following transactions had occurred with respect to the $27,000 debt: When the notes came due in the fall of 1911, or shortly thereafter, the debt was paid down to $15,000. Later, about the first of the year 1912, a check of the corporation in the sum of $6,000 was sent in payment of one of the remaining notes. Upon receipt of this check, complainant marked the note "Paid" and forwarded it to the corporation. The check, however, was not paid upon presentation, but was protested and returned to complainant. Subsequently, on March 21, 1912, the corporation executed new notes for the balance remaining due on the debt, amounting to $15,000, and thereupon the protested check, with the other notes, was returned to it. Melton and the others, who had in-

dorsed the original notes for $27,000, indorsed also the notes for the $15,000 balance, and they testified on the hearing that these new notes were given in renewal of those originally executed. It is not disputed that, at the time complainant accepted the new notes, he had no notice of the unrecorded conveyance executed by Melton to defendant.

In 1915 complainant obtained judgment on the notes for $15,000 against Melton and the other indorsers, and the question presented by this appeal is whether as to any part of that amount he became a creditor of Melton subsequently to the execution of the deed to defendant. The recording statute of South Carolina in force at that time (embodied in Civil Code of 1912, § 3542) provided that mortgages, deeds, and instruments in writing required to be recorded should "be valid, so as to affect from the time of such delivery or execution the rights of subsequent creditors (whether lien creditors or simple contract creditors) or purchases for valuable consideration without notice, only when recorded within ten days," etc., with the further provision that the recording of such instruments, "subsequent to the expiration of said ten days shall, from the date of such record, operate as notice to all who may subsequently thereto become creditors or purchasers." If, therefore, complainant can be considered a subsequent creditor of Melton as to any part of the judgment debt, he is entitled to that extent to subject the land embraced in the unrecorded conveyance to the satisfaction of his judgment. Brown v. Sartor, 87 S. C. 116, 69 S. E. 88; Blackwell v. Harrelson, 99 S. C. 264, 84 S. E. 233, Ann. Cas. 1916E, 1263. If, on the other hand, he is merely an antecedent creditor, he cannot subject the land to his judgment.

[1, 2] Complainant bases his contention that he is a subsequent creditor upon the transactions in connection with the $6,000 check. He admits that Melton was indebted to him for the full amount of the $15,000 prior to the sending of that check, but contends that the check was accepted, and that its acceptance released Melton from liability, to the extent of $6,000. He contends from this that, when Melton subsequently indorsed the new notes for $15,000, his liability was increased by the amount of $6,000, and that to the extent of this $6,000 complainant thus became a creditor of Melton after Melton had executed the conveyance to defendant and before it was recorded.

We do not think, however, that this is the correct view of these transactions. There was no special agreement that the check should be accepted in absolute payment or discharge of the $6,000 note, and, in the absence of such special agreement, the presumption is that it was accepted on condition that it should itself be paid. In such case, the debt is not discharged until the check is paid or accepted at the bank at which it is made payable. Philadelphia Life Ins. Co. v. Hayworth (C. C. A. 4th) 296 F. 339; Bewley-Darst Coal Co. v. Laurens Gin & Fuel Co., 126 S. C. 219, 119 S. E. 589; The Emily Souder, 17 Wall. 666, 21 L. Ed. 683; The Bird of Paradise, 5 Wall. 545, 18 L. Ed. 662; A. Leschen & Sons Rope Co. v. Mayflower Gold Mining Co. (C. C. A. 8th) 173 F. 855, 35 L. R. A. (N. S.) 1; Pflueger v. Lewis Foundry & Machine Co. (C. C. A. 6th) 134 F. 28; Norton on Bills and Notes (3d Ed.) 19; Daniel on Negotiable Instruments (2d Ed.) 557 et seq.; 21 R. C. L. 60, 61. And an agreement that the check was to be received in absolute payment is not to be implied from the fact that upon its receipt the note was marked paid and surrendered. Philadelphia Life Ins. Co. v. Hayworth, supra; Interstate Bank v. Ringo, 72 Kan. 116, 83 P. 119, 3 L. R. A. (N. S.) 1179, 115 Am. St. Rep. 176; Kinard v. First Nat. Bank, 125 Ga. 228, 53 S. E. 1018, 114 Am. St. Rep. 201; 21 R. C. L. pp. 64, 65.

[3, 4] Whether or not the check was accepted by complainant in payment and discharge of the $6,000 note was a question of fact, and we agree with the learned District Judge that the evidence adduced did not support the theory that it was so accepted. The evidence showed, on the contrary, that the notes of March 21, 1912, were executed in renewal of the notes previously given, and that Melton and the other indorsers indorsed them as a continuance of the original obligation. It follows that no part of Melton's debt to complainant was created after the conveyance to defendant, but that what was done on March 21, 1912, merely continued a liability which had been created prior to the conveyance. Complainant was not a subsequent creditor, therefore, within the meaning of the statute as to any part of his debt against Melton, and is not entitled for that reason to subject defendant's land to the payment of his debt.

It may be well to state that whether complainant was an antecedent or subsequent creditor is of importance, because the case is governed by the law as it existed prior to the 1914 amendment to the recording act (28 St. at Large S. C. p. 482). It would seem that since that amendment a deed, when recorded out of time, is valid from the date of its recording, even against subsequent creditors

who have not before recording secured a lien upon the property. Carroll v. Cash Mills, 125 S. C. 347, 118 S. E. 290; In re American Slicing Machine Co., 125 S. C. 214, 118 S. E. 303; Tucker v. Hudgens, 132 S. C. 377, 129 S. E. 77; In re Saunders, 272 F. 1003.

There was no error, and the decree of the District Court is in all respects affirmed.

Affirmed.