CLEVE et al. v. CRAVEN CHEMICAL CO. et al.

CRAVEN CHEMICAL CO. v. FEDERAL RESERVE BANK OF RICHMOND et al.

Circuit Court of Appeals, Fourth Circuit.
April 12, 1927.

Nos. 2588, 2589.

1. Payment ☞21—Creditor's acceptance of check, which was not paid, held not to extinguish debt.

Debt *held* not extinguished by creditor's acceptance of check, which was not paid.

2. Payment ☞21—Absent special agreement, acceptance of check is not "payment," unless check is paid.

In the absence of special agreement to that effect, acceptance of a check does not operate as "payment" of a debt, unless the check itself is paid.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Payment.]

3. Payment ☞73(4)—Agreement to accept check as absolute payment is not implied from surrender of evidences of debt or giving of receipt.

An agreement that a check is to be received in absolute payment is not to be implied from the fact that on its receipt evidences of debt are marked "paid," and surrendered, or a receipt give.

4. Payment ☞21—Check given in payment for debt, in exchange for which drawee bank gave exchange draft, which was not paid, held not "paid," so as to extinguish debt (Pub. Laws N. C. 1921, c. 20, § 2).

Where check given in payment for debt was forwarded by Federal Reserve Bank into whose hands it came to drawee bank, which remitted by exchange draft on reserve funds of drawee in another bank, which exchange draft was not paid before closing of drawer bank, *held*, original check given in payment for debt was not

"paid," so as to extinguish debt, in view of Pub. Laws N. C. 1921, c. 20, § 2, authorizing a drawee bank to pay checks by exchange drafts, unless cash payment is specified by drawer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Paid.]

5. Bills and notes ☞431—Generally acceptance of draft representing proceeds of check operates as payment thereof, discharging drawer.

Generally acceptance of a draft representing proceeds of check operates as payment of check and discharges drawer of check from further liability.

6. Bills and notes ☞429—Absent statute, check is payable in cash, and acceptance of something else estops payee to deny payment.

In absence of statute, check is payable only in cash, and if holder accepts something other than cash he assumes the risk incident thereto, and is estopped to deny payment as against drawer.

7. Payment ☞23—Creditor's acceptance from debtor of third person's check is conditional payment only, in absence of special agreement.

In the absence of any special agreement, the mere acceptance by a creditor from his debtor of the check of a third person payable to the creditor's order for a pre-existing debt is not absolute, but merely conditional, payment, defeasible on dishonor or nonpayment of the check.

8. Payment ☞21—Creditor, accepting check not paid, held not precluded from proceeding against debtor, or required to look to bank receiving check for payment.

Creditor's acceptance of check, which was not paid, *held* not to preclude it from proceeding against debtor, or require it to look to bank with which it deposited check for collection.

9. Banks and banking ☞171(2)—Federal Reserve Bank held not negligent in collection of check, in accepting exchange draft, or failing to require check bearing "I. C." (immediate credit) symbol (Pub. Laws N. C. 1921, c. 20, § 2).

Federal Reserve Bank, receiving for collection check drawn on North Carolina bank, *held* not negligent in accepting exchange draft in payment, as it was required to do by Pub. Laws N. C. 1921, c. 20, § 2, nor in failing to require payment by check bearing the "I. C." (immediate credit) symbol.

10. Banks and banking ☞175(3)—Payee held not entitled to recover for alleged negligence of bank in collecting check, where no damage was shown.

Payee of check *held* not entitled to recover for alleged negligence of collecting bank, where full recovery was had against debtor and no damage shown.

In Error to the District Court of the United States for the Eastern District of North Carolina, at New Bern; Isaac M. Meekins, Judge.

Action by the Craven Chemical Company against W. A. Cleve and D. G. White, partners trading as Cleve & White, and the Federal Reserve Bank of Richmond. Judgment for plaintiff against the first-named defendants, and in favor of the Federal Reserve Bank, and plaintiff and the first-named defendants separately bring error. Judgment affirmed on both writs of error.

Larry I. Moore, of New Bern, N. C. (Moore & Dunn, of New Bern, N. C., on the brief), for Cleve & White.

George Rountree, of Wilmington, N. C. (Rountree & Carr, of Wilmington, N. C., on the brief), for Craven Chemical Co.

M. G. Wallace, of Richmond, Va., for Federal Reserve Bank.

Before ROSE and PARKER, Circuit Judges, and BAKER, District Judge.

PARKER, Circuit Judge. On December 6, 1923, the firm of Cleve & White, of Vanceboro, N. C., sent to the Craven Chemical Company, of Wilmington, N. C., a check for $7,467.50, drawn on the Bank of Vanceboro, in payment of a debt due the Chemical Company. The check was received on December 7th, and on the same day was deposited with the Murchison National Bank and credited to the account of the Chemical Company. The Murchison Bank immediately forwarded it for collection to the Federal Reserve Bank of Richmond, which received it on December 8th. The latter bank forwarded it to the drawee, Bank of Vanceboro, and it came into the hands of that bank when it opened for business on Monday, December 10th. On December 11th, the Bank of Vanceboro charged it to the account of Cleve & White, whose deposit balance exceeded the amount of the check, and in payment of this and certain other items sent to the Reserve Bank an exchange draft for the sum of $8,333.42 on its reserve deposits in the First National Bank of New Bern, N. C.

This exchange draft was received by the Reserve Bank on December 12th, and was immediately forwarded to the drawee, First National Bank of New Bern. It arrived in New Bern and was refused payment for lack of funds on December 13th. In this connection it appears that the Bank of Vanceboro had had a balance on deposit with the First National of New Bern exceeding the amount of the draft, but that on December 10th the latter bank had charged against this balance the amount of a note which it held against the former, and this had practically exhausted the balance. The Bank of Vanceboro failed, and a receiver was appointed for it on December 13th. The check of Cleve & White was thereupon duly charged back to the Murchison National by the Reserve Bank, and to the Chemical Company by the Murchison National.

This action was instituted by the Chemical Company against Cleve & White to recover the amount of their debt, and against the Reserve Bank to recover damages for alleged negligence in handling the check. The trial judge directed a verdict in favor of the Chemical Company as against Cleve & White, but against the Chemical Company and in favor of the Reserve Bank on the cause of action asserted against it. Two writs of error have been prosecuted to this court, one by Cleve & White to review the judgment rendered against them in favor of the Chemical Company, and the other by the Chemical Company to review the judgment discharging the bank. On each writ of error the principal ground of complaint is the direction of the verdict, and the points raised by the exceptions thereto are the only ones which need be considered. Those relating to evidence are immaterial, as the verdict should have been directed as it was, whether the evidence which is the subject thereof be considered as admitted or excluded.

[1] On the case presented by Cleve & White, the question which arises is whether payment of their debt has been effected, because the Chemical Company accepted their check, or because the Federal Reserve Bank, acting for the Chemical Company in the collection of the check, accepted from the drawee of the check a draft on its reserve deposits in the First National Bank of New Bern.

[2, 3] As to the first proposition, it is well settled that, in the absence of special agreement to that effect, acceptance of a check does not operate as payment of a debt, unless the check is itself paid. Little v. Mangum (C. C. A. 4th) 17 F. (2d) 44; decided January 11, 1927; Philadelphia Life Ins. Co. v. Hayworth (C. C. A. 4th) 296 F. 339; Hayworth v. Philadelphia Life Ins. Co., 190 N. C. 757, 130 S. E. 612. And an agreement that a check is to be received in absolute payment is not to be implied from the fact that upon its receipt evidences of debt are marked paid and surrendered or a receipt is given. 2 Morse on Banks and Banking (5th Ed.) § 544; 21 R. C. L. p. 64; Inter State Bank v. Ringo, 72 Kan. 116, 83 P. 119, 3 L. R. A. (N. S.) 1179, 115 Am. St. Rep. 176; Little v. Mangum, supra. It is clear, therefore, that the acceptance of the check by the Chemical Company did not extinguish the

debt of Cleve & White, unless the check itself has been paid.

[4-6] Whether the check has been paid or not depends upon whether or not acceptance by the Reserve Bank of the exchange draft on the reserve deposits of the drawee Bank of Vanceboro operated as payment of the check. Undoubtedly the general rule is that acceptance of such draft operates as payment of the check and discharges the drawer of the check from further liability. Federal Reserve Bank v. Malloy, 264 U. S. 160, 44 S. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261; Id. (C. C. A. 4th) 291 F. 763; Id. (D C.) 281 F. 997, and cases cited. The reason of the rule is that a check is payable only in cash, and if the holder accepts something other than cash he assumes the risk incident thereto, and is estopped to deny payment as against the drawer. As said in Anderson v. Gill, 79 Md. 312, 317, 29 A. 527, 25 L. R. A. 200, 47 Am. St. Rep. 402, and quoted with approval by the Supreme Court in Bank v. Malloy, supra:

"Now a check on a bank or banker is payable in money, and in nothing else. Morse, Banks and Banking (2d Ed.) p. 268. The drawer, having funds to his credit with the drawee, has a right to assume that the payee will, upon presentation, exact in payment precisely what the check was given for, and that he will not accept, in lieu thereof, something for which it had not been drawn. It is certainly not within his contemplation that the payee should, upon presentation, instead of requiring the cash to be paid, accept at the drawer's risk a check of the drawee upon some other bank or banker. The holder had a right to make immediate demand for payment upon receipt of Anderson's check, though she was not bound to do so. When her agent, the Old Town Bank—the collecting bank being the agent of the holder (Dodge v. Freedman's Sav. & Trust Co. 93 U. S. 379, [23 L. Ed. 920])—did make demand, it was only authorized to receive *money* (Ward v. Smith, 7 Wall. 451 [19 L. Ed. 207]); and the acceptance by the collecting agent of anything else rendered it as liable to the holder as though it had collected the cash."

In North Carolina, however, the rule that a check is payable only in cash has been changed by statute. Section 2 of chapter 20 of the Public Laws of North Carolina of 1921, entitled "An act to promote the solvency of state banks," provides:

"That in order to prevent accumulation of unnecessary amounts of currency in the vaults of the banks and trust companies chartered by this state, all checks drawn on said banks and trust companies shall, unless specified on the face thereof to the contrary by the maker or makers thereof, be payable at the option of the drawee bank, in exchange drawn on the reserve deposits of said drawee bank when any such check is presented by or through any Federal Reserve Bank, post office, or express company, or any respective agents thereof."

The history and purpose of the act, and particularly of this section, are clearly set forth in the opinion of Mr. Justice Brandeis in Farmers' & Merchants' Bank v. Federal Reserve Bank, 262 U. S. 649, 43 S. Ct. 651, 67 L. Ed. 1157, 30 A. L. R. 635. The Federal Reserve Bank of Richmond had been attempting to enforce its "par clearance" policy upon the state banks of North Carolina by presenting checks over the counters of the banks which would not agree to remit at par and demanding payment in cash. The effect of this demand for cash payment was not only to deprive the banks of their exchange charges on checks, but also to reduce their income-producing assets, through the necessity of keeping in their vaults in cash a much larger part of their resources than had theretofore been customary. The purpose of this section of the statute was to relieve the state banks of the pressure which was being exerted upon them, and of the embarrassment arising from this demand for cash by the Federal Reserve Bank. Its effect was as though the provision of the law had been written into the face of the check; and, consequently, where the maker or drawer did not specify cash payment, he agreed, as did the payee, that, if presented by or through a Federal Reserve Bank, the check should be payable by an exchange draft drawn by the payee bank on its reserve deposits. In other words, the effect of the act was to change the rule of law that the check should be payable only in cash. As stated by Mr. Justice Brandeis in the case heretofore cited:

"Thus the statute merely sought to remove (when the drawer acquiesced) the absolute requirement of the common law that a check presented at the bank's counter must be paid in cash. It gave the drawee bank the option to pay by exchange only in certain cases, namely, when the check was 'presented by or through any Federal Reserve Bank, post office or express company, or any respective agents thereof.' The option was so limited because the only purpose of the statute was to relieve state banks from the pressure which, by reason of the common-law require-

ment, federal reserve banks were in a position to exert and thus compel submission to par clearance."

As Cleve & White did not specify cash payment in the face of the check, they must be held under the act of 1921 to have impliedly agreed that the Bank of Vanceboro might pay it by an exchange draft on reserve deposits, if it should be presented by or through the Federal Reserve Bank. The Reserve Bank could not require payment in any other medium. Federal Land Bank v. Barrow, 189 N. C. 303, 127 S. E. 3. The Reserve Bank, therefore, presented a check which, under the law, the Bank of Vanceboro was authorized at its option to treat as an order for an exchange draft. When it exercised this option, and gave an exchange draft pursuant to the order, was such draft payment, when not itself paid?

[7] We think not. If, under the case presented, Cleve & White had tendered an exchange draft of the Bank of Vanceboro in payment of their debt, there can be no doubt that this would not have extinguished the debt, if the draft had been dishonored, for the rule is well settled that, "in the absence of any special agreement to the contrary, the mere acceptance by a creditor from his debtor of the check of a third person, payable to the creditor's order, for a pre-existing debt, is not absolute, but merely conditional, payment, defeasible on the dishonor or nonpayment of the check." 21 R. C. L. p. 61, and cases there cited. The result cannot be different where the draft is tendered by the bank upon the order of the debtor, instead of by the debtor himself. The rule that acceptance of the draft of the drawee bank in payment of a check releases the drawer can have no application; for the reason of the rule, the common-law requirement of cash payment, no longer exists, and the maxim applies: "Cessante ratione legis, cessat ipsa lex."

We do not find that the exact point presented by this case has been heretofore decided, but the principles which we deem controlling were applied by the Supreme Court of North Carolina to a somewhat similar case in Graham v. Proctorville Warehouse Co., 189 N. C. 533, 127 S. E. 540. In that case the question was the right of a depositor to set off his deposit in an insolvent bank against a note which its receiver held against him. He had drawn a check against this deposit, and in payment of the check an exchange draft had been given, which had been dishonored. It was held that the fact that the check had been charged against depositor's account did not preclude him from claiming the deposit upon the dishonor of the exchange draft, nor from setting it off against liability on his note. The decision was based upon the holding that payment by exchange draft was conditioned upon the draft being paid. The court said:

"We have not overlooked the contention of plaintiff that by reason of chapter 20, Public Laws 1921, the Bank of Proctorville had the option to pay the check of J. R. Lawson, its depositor, when same was sent to it for collection through the post office, by draft on the Bank at Wilmington. This statute has been declared by the Supreme Court of the United States not to be in violation of the Constitution of the United States, and therefore valid. Farmers' & Merchants' Bank of Monroe, N. C., v. Federal Reserve Bank of Richmond, Va., 262 U. S. 649, 43 S. Ct. 651, 67 L. Ed. 1157, 30 A. L. R. 635. The provisions of the statute, however, must be construed in accordance with well-settled rules of law; it will not be held that a drawee bank can charge checks drawn on it by its customers, to the accounts of such customers, remit in drafts or exchange to the forwarding bank, and thereby be released, notwithstanding that said drafts or exchange are, for valid and lawful reasons, not paid. Where a check drawn on a bank or trust company, chartered by this state, is presented to the drawee bank, 'by or through any Federal Reserve Bank, post office or express company or any respective agent thereof,' and such bank or trust company in the exercise of the option conferred by said statute, sends to the forwarding bank its draft on its reserve deposits, in payment of such check, it will not be discharged of liability for the collection of its depositor's check until such draft on its reserve deposit has been paid."

Debtors contend that the effect of the judgment of the court below is to require them to pay their debt twice, but this argument begs the question. As we have seen, what has been done has not effected payment of the debt due the Chemical Company, and debtors may file claim against the receiver of the Bank of Vanceboro for the full amount of their deposit, just as though the check had not been charged against it when the worthless exchange draft was sent. Graham v. Proctorville Warehouse Co., supra. On the other hand, the Chemical Company has been guilty of no negligence. The check sent it was not payment, but a means of securing payment, or at most conditional payment. It imme-

diately put this check in process of collection, and through no fault on its part has received nothing in payment. Debtors chose the bank in which they deposited the money to meet the debt due the Chemical Company. They sent a check on this bank, which under the law they impliedly agreed might be treated merely as an order for an exchange draft. When, without fault on the part of the Chemical Company, this exchange draft turns out to be worthless—when the medium which they have selected for making payment fails to effect payment—they are not in position to say that payment has been made. It is true that there, is no evidence that debtors have themselves been guilty of any fault or negligence, and this seems to be one of those unfortunate cases where one of two innocent parties must suffer from the default of a third. Our conclusion that payment has not been made, and that the loss must fall on debtors, is, we think, not only in accord with the legal principles which we have discussed, but also with the "broad general principle that, whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it."

[8] Cleve & White insist, also, that the Chemical Company cannot maintain this action on the ground that, because the check was deposited with the Murchison Bank, the sole remedy of the Chemical Company is against that bank for negligence in the handling of the check, and in support of this position they rely upon the case of City of Douglas v. Federal Reserve Bank, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051. We think, however, that that case is not in point here. That was an action against the Reserve Bank, based on negligence in collecting a check. It appeared that the Reserve Bank had accepted a worthless check of the drawee, which under the common-law rule constituted payment. Plaintiff had deposited the original check to its credit in the First National Bank of Douglass, Ariz., and the court held that title to the check had passed to that bank, and that, as plaintiff had surrendered its rights in the check, only rights arising out of its contract with the initial bank remained. In the case at bar the action asserted against Cleve & White is for recovery, not on the check, but on the original indebtedness, on the theory that there has been no payment, as the check has not been paid. It appears without contradiction that, while the check was originally credited to the Chemical Company by the Murchison Bank, it was charged back to that company when the exchange draft received in

payment was dishonored. Under these circumstances, there can be no question that the right to recover upon the original indebtedness rests with the Chemical Company.

[9, 10] Upon the writ of error of the Chemical Company, we are also of opinion that the judgment of the District Court should be affirmed. Assuming, without deciding, that under the special contract, evidenced by the deposit slip, the Chemical Company sustained such a relation to the Federal Reserve Bank as would enable it to maintain the suit for negligence, we are satisfied that the evidence did not warrant submission of the case to the jury as against the bank, for two reasons: (1) Because there was no evidence of negligence on the part of the bank; and (2) because it does not appear that plaintiff has sustained any injury as the result of the failure of the bank to collect the check.

For reasons fully discussed in connection with the writ of error of Cleve & White, this case is distinguishable from the case of Federal Reserve Bank v. Malloy, 264 U. S. 160, 44 S. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261, in that, since the transactions there involved, chapter 20 of the Public Laws of 1921 has been enacted, and the Federal Reserve Bank is not now chargeable with negligence in accepting an exchange draft in payment of a check which it holds for collection. Plaintiff contends, however, that the bank was guilty of negligence in not requiring in payment a check bearing the "I. C." (immediate credit) symbol. In explanation of this contention, it should be said that, when the bank in which reserve deposits of a remitting bank are kept itself keeps a certain required balance with the Federal Reserve Bank, it is authorized to allow the remitting bank to draw upon it with drafts or checks bearing this "I. C." symbol, and in such case the draft is charged to the account of the drawee bank as soon as it comes into the possession of the Federal Reserve Bank and is credited to the drawer. This credit is merely conditional, however, and if the draft is not honored upon presentation it is charged back to the drawer. The "I. C." arrangement is merely to take care of the interest lost in "the float." There is nothing to show that the Reserve Bank could have obtained an "I. C." draft if it had insisted on it, or that it would have been honored by the drawee if obtained. Furthermore, there is nothing in the statute which authorizes the Federal Reserve Bank to demand an "I. C." draft, and in accepting an ordinary draft on the reserve deposits of the Bank of Vanceboro it was accepting that

which both the drawers and the payee of the check had impliedly authorized it to accept.

Plaintiff further contends that the Federal Reserve Bank should have ascertained the precarious financial condition of the Bank of Vanceboro and communicated the same to the Murchison Bank as the representative of plaintiff. There is no evidence that the Reserve Bank had knowledge of the precarious condition of the Bank of Vanceboro, or of any facts or circumstances which would have put it upon notice or inquiry, and there is no evidence that it was guilty of any negligence whatever in its efforts to collect the check, or that any additional diligence on its part would have resulted in collection.

But, even if negligence on the part of the Federal Reserve Bank be assumed, plaintiff cannot recover on account thereof, as there is no showing whatever that plaintiff has suffered any damage. It has recovered in this action the full amount of its claim against Cleve & White, and there is no suggestion that they are insolvent, or that plaintiff cannot collect from them the full amount of its judgment.

The judgment of the District Court is affirmed on both writs of error.

No. 2588: Affirmed.

No. 2589: Affirmed.

The late Judge ROSE sat in the hearing of these cases, but died before he had an opportunity to pass upon the foregoing opinion.