FEDERAL INTERMEDIATE CREDIT BANK OF COLUMBIA, S. C., v. MITCHELL.

No. 3025.

Circuit Court of Appeals, Fourth Circuit.

Jan. 13, 1931.

Randolph Murdaugh, of Hampton, S. C., and D. W. Robinson, of Columbia, S. C. (Harry D. Reed, of Columbia, S. C., on the brief), for appellant.

George L. Buist, of Charleston, S. C. (Buist & Buist, of Charleston, S. C., and Thomas & Thomas, of Beaufort, S. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

NORTHCOTT, Circuit Judge.

Appellee, Chas. S. Mitchell, was a potato farmer in Beaufort county, S. C. Appellant, the Federal Intermediate Credit Bank of Columbia, S. C., is a corporation organized and existing under an Act of Congress of March 4, 1923 (U. S. Code, title 12, sections 1021-1129 [12 USCA §§ 1021-1129]), and, among other things, was engaged in lending money for the purposes of crop production. The South Carolina Agricultural Credit Company was a South Carolina corporation acting as an intermediary between the appellant and the borrowing farmers. The Beaufort Truck Growers' Co-operative Association was a South Carolina corporation formed under the provisions of South Carolina Civil Code of 1922, sections 4331-4333, and was the agency for sale of the crops produced by the growers.

In November, 1925, Mitchell gave a promissory note to the Agricultural Credit Company for $6,000, payable on July 11, 1926, and in January, 1926, a similar note for $3,000, payable in seven months from date, to procure money for the raising of his potato crop. Mitchell executed crop mortgages to secure these notes. The two notes were assigned by the credit company to the appellant bank, and it is upon these notes that this suit was brought. Appellee, Mitchell, claimed payment of the notes, and upon the trial the jury found for him upon this contention. Upon the verdict of the jury the judge below entered judgment in favor of appellee, from which action of the trial court this appeal was brought.

Mitchell's potato crop was sold through the Beaufort Truck Growers' Co-operative Association, of which he was a member, through a commission merchant in New York, who deposited the proceeds of the sale in the Hanover Bank to the credit of the Beaufort Bank, where they presumably went to the credit of the Agricultural Credit Company. Mitchell received in advances on the above described notes and by way of payment for his crop $10,500, all told. The crop yielded over $18,000. There was defalcation on the part of officers of the Beaufort Bank, who were also officers of the Agricultural Credit Company and dominating influences in the Beaufort Truck Growers' Co-operative Association, and the Intermediate Credit Bank never received payment for the notes.

There were many complicated questions of fact as to whether the credit company was the agent of the Federal Intermediate Credit Bank, and if it were such agent whether the agency had been revoked at the proper time. From the record there seems to be no question that the officers of the appellant bank knew the way the business was being transacted, just how the crop was sold and the proceeds thereof handled. That the credit company was at one time the agent of the appellant bank for receiving payment on the notes, from the proceeds of the crop sale, there can be no question, and while the Beaufort Truck Growers' Co-operative Association failed to make some of the reports agreed on to be made at the time of the sale, there is no evidence connecting Mitchell with this failure. It is true that the appellant bank attempted to revoke the agency of the credit company, but this revocation apparently came too late. The officers of the appellant bank knew the general situation, or at least could have known it upon inquiry and by the exercise of that diligence that they were called upon to exercise under the circumstances. Officers of appellant bank had much better opportunity to inform themselves as to the situation than did Mitchell, the appellee.

"Whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." Cleve et al. v. Craven Chemical Co. et al. (C. C. A.) 18 F.(2d) 711, 715, 52 A. L. R. 980; Atlantic Life Insurance Co. v. Rowland et al. (C. C. A.) 22 F.(2d) 126, and cases there cited.

The questions involved were questions of fact to be determined by the jury, and a careful analysis of the charge of the trial judge shows that he properly presented the law governing the various points, and did so logically and without error. A study of the record leads us to the conclusion that there was not only ample evidence to sustain the verdict of the jury, but that the jury reached the proper conclusion. The judgment of the court below is accordingly affirmed.