## SILVERMAN et al. v. NEW YORK LIFE INS. CO.

### No. 6760.

District Court, W. D. Pennsylvania.
June 23, 1932.

Sachs & Caplan, of Pittsburgh, Pa., and Moorhead & Marshall, of Beaver, Pa., for plaintiffs.

Smith, Buchanan, Scott & Gordon, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The New York Life Insurance Company, defendant, June 7, 1918, issued a policy of life insurance insuring the life of Benjamin Silverman in the sum of $4,000, with double indemnity, of $8,000, if death resulted from violence. The wife and children of the insured were named beneficiaries. The policy states that: "This contract is made in consideration of the payment in advance of the sum of $113.32, the receipt of which is hereby acknowledged, constituting the first premium and maintaining this Policy to the Twenty-second day of November, Nineteen Hundred and eighteen, and of a like sum on said date and every six calendar months thereafter during the life of the Insured."

Also that: "If any premium is not paid on or before the day it falls due the policyholder is in default; but a grace of one month (not less than thirty days) subject to an interest charge of five per cent per annum will be allowed for the payment of every premium after the first, during which time the insurance continues in force. If death occurs within the period of grace the unpaid premium for the then current insurance year will be deducted from the amount payable thereunder."

The premium on the policy was paid up to and including May 22, 1930. No premium was paid thereafter. December 22, 1930, being the last day of grace for the payment of the premium due November 22, 1930, Sam Silverman, a son of the insured (without any proof of agency), mailed a check to the company drawn by "Midland Ice & Products Co. By Sam Silverman," in the sum of $107.36 for the premium due November 22, 1930. In the envelope containing the check was inclosed the following letter:

"Midland, Pa. December 22, 1930.
"New York Life Insurance Co., Liberty & Fifth Ave., Pittsburgh, Pa.

"Gentlemen: I am mailing a check of $107.36 for policy No. 6305174–95 as my father is now in Chicago and I am a little short of cash at this time. Please send in papers to make a loan to take care of this premium.

"Yours truly

"Sam Silverman."

Upon receipt of the check and letter the company mailed to the insured a receipt for

the premium due November 22, 1930. The company also in due time deposited the check in the bank for collection, and in due course the check was returned dishonored on account of there not being sufficient funds in the bank for payment. January 8, 1931, defendant mailed to the insured the following letter:

"Branch Office at Pittsburgh, Pa.
"January 8th, 1931.
"Mr. Benjamin Silverman, Midland Ave., Midland, Pa.

"Dear Sir: The check which you gave on account of the premium due Nov. 22 on Policy No. 6 305 174 and of which the following is a copy:

"Midland Ice & Products Company
"B. Silverman      No. 4186

"Midland, Pa. Dec. 11, 1930.

"Pay to the order of New York Life Insurance Co. $107.36 One hundred seven and 36/100 Dollars

"Midland Ice & Products Co.
"Sam Silverman

"To the Midland Savings & Trust Co. Midland, Pa.

—has been returned to the bank not honored. Your policy has therefore been lapsed on the books of the Company.

"We regret that it is therefore necessary to enclose said check herewith, which we now do, and ask you to be good enough to return the renewal receipt given at the time the Company received said check.

"The Company urges you on receipt of this letter to apply for the reinstatement of the policy on the enclosed form, and return it to me at once with $107.99. If the evidence of insurability is found to be satisfactory, the Company will reinstate the policy.

"Yours truly
· "J. J. O'Neil      Cashier.
"K H"

—which was received by the insured January 9, 1931.

The insured died January 25, 1931, as a result of violence within the meaning of the double indemnity clause of the policy. Due proofs of death were made.

This action was brought to recover the double indemnity, $8,000, less a loan of $752, or the sum of $7,248, by the children of the insured. The insured's wife died prior to the insured. Defendant, in its affidavit of defense, admitted that plaintiffs were entitled, under section 4 of the policy, to the benefit of continued insurance, in the sum of $3,245.51, and paid this amount into court. Plaintiffs entered judgment therefor, and receipted for the same. The policy states as to continued insurance: "The Continued Insurance shall be without future participation and without the right to loans, cash surrender values, disability or double indemnity benefits."

Defendant alleged that it was not liable for the double indemnity by reason of the provisions of the policy aforesaid and because the policy had lapsed by reason of nonpayment of the premium due November 22, 1930, or during the grace period of one month thereafter.

At the trial defendant contended that it was entitled to binding instructions in its favor, for the reason that the uncontradicted evidence showed that the premium due November 22, 1930, had not been paid when due or during the grace period, or at any time thereafter. The court submitted to the jury the question whether the defendant had received the check of December 22, 1930, aforesaid, as absolute payment of the premium due November 22, 1930, or whether it had received it as conditional payment; the condition being that the check on due presentation would be honored and paid. The jury was instructed that, if defendant received the check in absolute payment of said premium, their verdict should be in favor of the plaintiffs; also that, if defendant received it in conditional payment, the verdict should be for defendant. The jury returned a verdict for the defendant.

The case is now before us on plaintiff's motion for a new trial. In support thereof five reasons are averred: (1) The verdict is against the weight of the evidence; (2) the verdict is against the law; (3) the verdict is against the law and the evidence; (4) that the court erred in reopening the case and permitting an amendment to the affidavit of defense in relation to the loan value of the policy December 22, 1930; (5) that the court erred in its instructions to the jury on the burden of proof.

Plaintiffs' argument in support of their motion for a new trial was restricted to the reason that "the verdict was against the law." In support of this reason, plaintiffs contend that the receipt of the defendant for the check of December 22, 1930, constituted a payment of the premium due November 22, 1930, although the check was dishonored. I do not understand how plaintiffs can stand on this proposition, as they did not ask for binding instructions at the trial, neither did plaintiffs, except to the court's charge in submitting this question to the jury.

Time of payment of premiums is of the essence in insurance contracts. In New York Life Insurance Company v. Statham, 93 U. S. 24, 31, 23 L. Ed. 789, the Supreme Court said: "The case, therefore, is one in which time is material and of the essence of the contract. Nonpayment at the day involves absolute forfeiture, if such be the terms of the contract, as is the case here. Courts cannot with safety vary the stipulation of the parties by introducing equities for the relief of the insured against their own negligence."

In the recent case of Bergholm v. Peoria Life Insurance Company, 284 U. S. 489, 52 S. Ct. 230, 231, 76 L. Ed. 416, the Supreme Court said: "Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense. Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 462, 463, 14 S. Ct. 379, 38 L. Ed. 231. As long ago pointed out by this court, the condition in a policy of life insurance that the policy shall cease if the stipulated premium shall not be paid on or before the day fixed is of the very essence and substance of the contract, against which even a court of equity cannot grant relief. Klein v. Insurance Co., 104 U. S. 88, 91, 26 L. Ed. 662; New York Life Ins. Co. v. Statham, 93 U. S. 24, 30, 31, 23 L. Ed. 781; Pilot Life Ins. Co. v. Owen (C. C. A.) 31 F.(2d) 862, 866. And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the insurer, would be to vary the plain terms of a contract in utter disregard of long-settled principles."

See, also, Philadelphia Life Insurance Co. v. Hayworth, 296 F. 339 (C. C. A. 4).

It follows from the provision of the policy in suit and the rule of law aforesaid that plaintiffs are not entitled to recover, for the reason that the premium due November 22, 1930, was not paid when due, or during the period of grace, one month, or at any time thereafter, unless the receipt by the insured for the premium due November 22, 1930, predicated upon the dishonored check of December 22, 1930, constituted payment of said premium.

In Wedmore v. McInnes, 69 Pa. Super. Ct. 220, the Superior Court of Pennsylvania, speaking by Judge Kephart, said: "It is well settled that in the absence of any special agreement to the contrary, the mere acceptance by a creditor from the debtor of a check is not an absolute but a conditional payment defeasible on the nonpayment of the check: Philadelphia to use v. Neill, 211 Pa. 353 [60 A. 1033]; Holmes v. Briggs, 131 Pa. 233 [18 A. 928, 17 Am. St. Rep. 804]; Philadelphia v. Stewart, 195 Pa. 309 [45 A. 1056]; Cochran v. Slomkowski, 29 Pa. Super. Ct. 385. To make the check an absolute payment there must be an express agreement to receive it as such and the burden of proof is on him who asserts such contract."

In Cleve v. Craven Chemical Co., 18 F. (2d) 711, 712, 52 A. L. R. 980, (C. C. A. 4), it is stated: "It is well settled that, in the absence of special agreement to that effect, acceptance of a check does not operate as payment of a debt, unless the check is itself paid. Little v. Mangum (C. C. A. 4th) 17 F.(2d) 44; decided January 11, 1927; Philadelphia Life Ins. Co. v. Hayworth (C. C. A. 4th) 296 F. 339; Hayworth v. Philadelphia Life Ins. Co., 190 N. C. 757, 130 S. E. 612. And an agreement that a check is to be received in absolute payment is not to be implied from the fact that upon its receipt evidences of debt are marked paid and surrendered or a receipt is given. 2 Morse on Banks and Banking (5th Ed.) § 544; 21 R. C. L. p. 64; Inter-State Bank v. Ringo, 72 Kan. 116, 83 P. 119, 3 L. R. A. (N. S.) 1179, 115 Am. St. Rep. 176; Little v. Mangum, supra."

In Dow v. Cowan, 23 F.(2d) 646, 647 (C. C. A. 8), it is stated page 647: "It is well settled that the delivery of a check or bill of exchange as a means of paying a debt does not constitute absolute payment, but conditional payment only."

In 3 Couch, Cyc. of Insurance Law, § 603, it is stated: "Generally speaking, payment of a premium is not effected by the mere giving of a check or draft; at least, in the absence of an express agreement to the contrary. In other words, the mere sending and receipt of a check or certificate of deposit for the amount of a premium does not operate as a payment thereof, in the absence of agreement, waiver, or estoppel, unless it is accepted as such. Nor does the mere acceptance of a check, conditioned upon payment thereof when presented, of itself effect payment."

In Philadelphia Life Insurance Co. v. Hayworth, 296 F. 339, 343 (C. C. A. 4) supra, an action was brought by a beneficiary for insurance on a life insurance policy. The defense was lapse of policy by nonpayment of premium. A note was given for part payment of premium which extended the time for payment. Upon maturity of the note, a check was sent to the company for pay-

ment. The company acknowledged payment and returned the note. A verdict for plaintiff was reversed, the court saying in part: "It is urged that the return of the note to the insured at the same time defendant deposited the check amounts to a nonconditional acceptance by it of the check as payment of the note. To our apprehension the law is clearly otherwise. An agreement that a check is received in satisfaction of a note is not implied from the surrender or cancellation of the note. Until the check was paid the note was in force, and unless it was paid at the time to which it was extended, the policy was by its terms forfeited. Forfeitures, it is true, are not favored in the law, but promptness of payment is essential in the business of life insurance."

The same case was before the Supreme Court of North Carolina, and is reported in 190 N. C. 757, 130 S. E. 612, 613; the Supreme Court of that state stated: "A worthless check is not a payment. There is no fact in the complaint that tends to show that the check was accepted as a payment. It was a conditional payment, and, when it was not paid, the condition which prevented it from operating as a payment happened and' the policy lapsed. The failure to have the funds in the bank to meet the check was the fault of the drawer, and no loss resulted from any delay on the part of the payee."

In National Life Insurance Co. v. Goble, 51 Neb. 5, 70 N. W. 503, the insurance company sent a notice of premium due to the insured with the statement that remittance might be made by draft. Remittance was made by draft. Upon receipt of draft from the insured, receipt for premium was forwarded to the insured. The draft was not paid by reason of the failure of the drawer bank. Judgment of the lower court in favor of the beneficiary was reversed by the Supreme Court of Nebraska; that court stating in part:

"In regard to this claim it is the established rule that a draft or check is not a payment of a debt, in the absence of an express agreement that it is taken or received in payment. It is but a means by which payment may be obtained. It is conditional upon its being honored when presented, and, if dishonored when presented, it effects no payment of the debt for which it was drawn, unless there was an express agreement that it was to be accepted or received in payment.
* * *

"The fact that the agent of the company acknowledged the receipt of the draft, and forwarded to the defendant in error his renewal receipt, was not conclusive. The draft, when presented, was dishonored; hence there was no payment, and the receipt was of no force."

For other illustrative cases see Knickerbocker Life Insurance Co. v. Pendleton, 112 U. S. 696, 5 S. Ct. 314, 28 L. Ed. 866; Segrist v. Crabtree, 131 U. S. 267, 287, 9 S. Ct. 687, 33 L. Ed. 125; Chandler v. American Central Life Insurance Co., 27 Ga. App. 810, 109 S. E. 919; and Brady v. Northwestern Masonic Aid Association, 190 Pa. 595, 42 A. 962. The cases of McMahon v. United States Life Insurance Co., 128 F. 388, 68 L. R. A. 87 (C. C. A. 5), and Mutual Life Insurance Co. v. Chattanooga Savings Bank, 47 Okl. 748, 150 P. 190, L. R. A. 1916A, 669, are distinguishable on the facts from the present case.

■ The parties to the policy in suit evidently intended by their contract that payment of the premium specified was essential to the life of the policy; that nonpayment of premium when due or during the term of grace would cause it to lapse. The premium due November 22, 1930, was not paid when due or during the grace period of one month, or at any time thereafter. The mailing of the check and letter of December 22, 1930, by the insured's son (not shown to have any authority to act in the premises), together with a receipt issued for the premium, was at most a conditional payment; the condition being that the check would be honored and paid, if presented in due course. That this was the intent of defendant is strongly manifested by its letter of January 8, 1931, wherein it notified the insured of the dishonoring of the check mailed by the son, that the policy had lapsed and what would be necessary to have the policy reinstated. No objection to the company's attitude was made.

The court, under the undisputed facts, would probably have been justified in holding as a matter of law that the payment made was conditional and that the policy had lapsed. This question, however, was submitted to the jury as a question of fact. The verdict is amply sustained by the evidence. Plaintiffs do not have any just reason to complain of the verdict rendered.

■ Plaintiffs argued at some length that they were prejudiced by the court in allowing the defendant to reopen its case and to amend its affidavit of defense by denying that the policy had any loan value December 22, 1930. Plaintiffs admitted that the court had

discretionary power to do what was done, and that they were not surprised as to the facts, but alleged that they were surprised as to the law raised by the amendment aforesaid. This contention, if properly before us, could not be sustained. It was immaterial whether the policy had a loan value at the time mentioned or not. The only material question was the question of payment of the premium due November 22, 1930.

Plaintiffs further argued that since the trial they have found a form of notice for premiums due which was used by the company at the time involved, and that this form of notice stated that remittance might be made by check, etc. There is no affidavit or proof that this evidence, with reasonable diligence, could not have been procured at the trial as required, 5 Cyc. of Federal Procedure, § 1481, or that the form of notice found since the trial was the form used in this case. At any rate, the question of fact and law as to payment would have been the same.

Being of the opinion that under the law and the facts the verdict of the jury should not be set aside, the motion for a new trial is refused.